Ruffin, C. J.
 

 This Court does not concur in the instructions to the jury. The Touchstone 57, states the rule upon which the case depends in a short, but very clear, manner. “Where one person delivers an instrument as
 
 *220
 
 the act of another person, who is present, no deed conferring an authority is requisite. But a person cannot, unless authorised
 
 by deed,
 
 execute an instrument as the act of a person who is absent; and every letter of Attorney must be by deed.” The plain meaning of the passage is, that what a person does in the presence of another, in his name and by his direction, is the act of the latter, as if done exclusively in his own person ; but that what is done out of his presence, though by his direction and in his name, cannot in law be considered an act in
 
 propria persona,
 
 but one done by authority; and that when the authority is to execute a deed by signing* sealing and delivering it for the party, and. especially, the delivering, it cannot be oral, but must be by deed. There are some instances in modern times, in which Judges have been moved by the hardship and justice of the case to depart in some degree from this rule, though so precise in its terms and so wholesome in its general application. But in this State it has been scrupulously adhered to, when it operated to the prejudice of claims as just in all respects as the present, if not more so. Thus in
 
 Davenport
 
 v.
 
 Sleight,
 
 2 Dev. & Bat. 381, it was held that an instrument signed and sealed by the defendant in blank and delivered to an agent, with directions to purchase a vessel for the defendant, and fill up the instrument with the price to be agreed on and deliver it> was not a good bond, though the defendant afterwards declared his approbation of what had been done. It would afford admission to too many abuses, especially upon infirm and illiterate persons, to admit parol evidence of an authority to execute and deliver deeds. It has been thought, that it was going further than principle would justify, to allow of a delivery as an escrow, unless the final delivery be authorised by deed. But that seems to stand on firm ground ; for the absolute delivery by the party himself rests in the testimony of witnesses, an$ the
 
 *221
 
 conditional delivery by him may therefore well depend upon the like proof. But when the party himself does no act, but the whole transaction is performed by another in his name and in his absence, the security of titles requires that the authority to act should be by deed, as a permanent evidence of its nature, which cannot so easily be fabricated or misconstrued. The law may well bo different with respect to notes and other contracts not under seal; because their operation is generally barred, unless used in a period comparatively short. But deeds are of enduring efficacy, and one, executed like the present, may be set up at any distance of time, when the conditions or circumstances under which it was author-ised are incapable of proof. Besides, deeds operate without proof of consideration and
 
 proprio vigore,
 
 while it is otherwise with simple contracts. The Court holds, therefore, that it was indispensable to the validity of this instrument, as a bond, that the party should have been present at its execution and delivery. That he was not present seems evident and certain. The daughter says, she did not, at the time she signed the paper and delivered it, see her father, nor did he or could he see her, as she believes. They could not therefore be said in any just sense to be in each other’s presence. The act of the daughter could not be said to be her father’s, in that he saw or knew or could know of his own knowledge, that she was in fact doing what he directed her ; but it rested in his confidence, that she would pursue his directions, and in her testimony that she did pursue them. The father could know only from her relation and not for himself, what she had done. Therefore it is plain, that her acts were not in his presence. In the execution of wills it has always been held, that, under the statute which requires the attestation of the witnesses in the presence of the testator, the attestation must be at least in the same .room with the testator, or, if not, in such a situation as
 
 *222
 
 to bo in fact within his sight., as in the case of the lady, who sat in her carriage while the witnesses wrote their names at a window within her view. But here the witness proved and the Court assumed, that the lather was not in the room nor in sight of the diiughter, when she executed and delivered the instrument; and, if so, he was not present. For if the person cannot see or know for himself, at what distance shall he be said to be present, and at what, absent
 
 1
 
 There can be no rule but the one? that he must be in such a situation as to know what is done, and be able at the instant to control the agent.
 

 3Pek Curiam. Judgment reversed and
 
 venire de
 
 novo„