## DAVID MOORE *v.* W. H. EDMISTON.

The answer of a defendant in an action of slander, alleging that he did not speak the words as charged, with malice, &c., but that he believed them to be true, stating his reasons for such belief; and further, that he did not admit that the words alleged to be slanderous were spoken within six months of the time of bringing the action, amount under our liberal system of pleading, to the pleas of justification, and the statue of limitation,

CIVIL ACTION, (slander for words spoken by defendant of and concerning plaintiff,) tried before his Honor, *Judge Mitchell,* at the Fall Term, 1873, of CALDWELL Superior Court.

The plaintiff alleged, that the defendant, Edmiston, in speaking of a certain affidavit filed by the plaintiff in a suit between him and the defendant, pending in the Superior Court of Caldwell county, at a previous term thereof, had said that "He," meaning the plaintiff, "had sworn to a lie, and I can prove it," &c. Defendant admitted speaking the words in substance, but not in the manner and with the motives charged. Defendant further answered, that he did not speak the words from malice and for the purpose of making a false and slanderous charge against the plaintiff, but on the contrary, he was informed and believed that the words spoken were true in substance and effect. That the witness, Mary Corperning, summoned on behalf of the plaintiff in the suit referred to in the complaint, concerning whose absence the said affidavit for a continuance was made, was in fact absent from said Court with the leave and consent of the plaintiff, which fact had been communicated to the defendant by the husband of the said Mary, and by others, before the speaking of the words alleged to be slanderous ; and further, that when the said affidavit was filed, the said husband told the plaintiff that the same was false, inasmuch as he, the said plaintiff, had released and consented to the absence of his wife from the trial. Defendant further answered, that he did not admit that the words alleged to be slanderous were spoken within six months before the bringing this suit.

The plaintiff contended that the answer of the defendant did not amount to a plea of justification, and as he had admitted the speaking of the words as charged, and had not denied that the same were spoken within six months, his Honor should compel the defendant to begin first. The Court ruled, that the answer did amount to a plea of justification, and that the plaintiff must begin, whereupon plaintiff excepted.

In the course of the trial, and while the plaintiff was being examined as a witness in his own behalf, the counsel for defendant, in cross examining the plaintiff, asked him, " if at the time he made the affidavit mentioned in the pleadings, he did

not know he could prove the same facts by a witness who was then present, that he expected to prove by said Mary Corperning?" And in his re-direct examination, he was asked by his own counsel, "if before making the affidavit, he had not been advised by his counsel that the evidence of the said Mary Corperning was important in that suit?" This question was objected to on the ground that the counsel was then present and were competent witness. His Honor sustained the objection. Plaintiff excepted, and the counsel was examined touching the fact alluded to.

. The plaintiff's counsel asked, in writing, his Honor to charge,

1. That the answer of defendant does not amount to a plea of justification;

2. That if the jury believe that the words alleged in the complaint was spoken by the defendant within six months from the bringing this action, the plaintiff would be entitled to nominal damages at law.

3. That as the defendant has not pleaded justification, the evidence of the defendant can only be considered by the jury in mitigation of damages, and not as matter of justification, *provided*, the jury believe the words alleged in the complaint were spoken in six months.

His Honor refused to give any of the instructions prayed for, and charged the jury, that the defendant had pleaded justification, and it was for them to say whether he had sustained it by his proof.

Verdict for defendant. Rule for a new trial; rule discharged. Judgment, and appeal by plaintiff.

*Armfield* and *Folk* for appellant, argued:

A plea of justification to a charge of perjury "must contain all the averments, which, if true, constitute the crime of perjury;" see *Jenkins* v. *Cockerham*, 1st Ired. 309. The plea of justification is not favored, and is to be strictly construed. See *Sharpe* v. *Stephenson* 12 Ired. 348.

" Justification must be pleaded and proved with great pre-

cision," for. "it has been said that where the defendant justifies specially by pleading the truth of a capital offence, imputed to the plaintiff, on such issue being formed against the plaintiff, he may be put on his trial for the offence without the intervention of a grand jury." See Starkey on Slander, p. 179.

The plea of justification in an action of slander, " Should be found with the same degree of certainty and precision as is requisite in an indictment or information." See Leigh's Nisi Prius. p. 1389.

" The rules of pleading at common law have not been abrogated by the C. C. P., the essential principles still remain." See *Parsely* v. *Nicholson*, 65 N. C. 210.

The object of pleading is to compel the parties to come to issue, and that the issue so produced be material, certain and single. In order to effect these objects, two fundamental principles are established.

1st. That the matter alleged be sufficient in law to maintain the action or defence.

2d. That it be deduced and expressed according to the forms of law. In order to enforce the latter of these principles, parties were required to adopt rules producing certain forms of allegation, and observe ceremonies of the most arbitrary character. These rules were characterized by a tendency to prolix, and tautological allegation, excessive subtlety and an overstrained observance of form, which combined to make them unpopular and caused their destruction. PEARSON, C. J., 69th N. C. 461. The objections made against special pleading may be all traced to the above causes. They are three in number. First, that the system is overloaded with unnecessary forms. Second, that it is complicated, and requires a great expense of time to acquire a knowledge of its details. Third, that it impedes the cause of justice by causing cases to be decided otherwise than on the merits. Hence, we have the provisions : " The distinctions between actions at law and suits in equity, and the forms of all such actions and suits shall be abolished." " All the forms of pleading heretofore existing are abolished."

33

' Complaint shall contain a plain and concise statement of facts, without unnecessary repetition." It is submitted, that these provisions are but the echo in a solemn form of the popular clamor against the latter of the above stated principles, and the numerous subtle and unprofitable refinements which it had produced. To the former of those principles no objection has ever been made. The rules intended to secure its object are founded in the soundest and closest logic, and without them the administration of justice would be impossible. Even if considered in a view to their abstract principle, they will be found to consist in an application of that analytical process by which the mind, even in the private consideration of any controversy, arises at the development of the question in dispute. For this purpose it is always necessary to distribute the mass of matter into contending propositions, and to set them consecutively in array against each other till by this logical conflict the state of the question is ultimately ascertained. One of the principle rules tending to sustain the second principle, above stated, is that every plea must be a substantial answer the whole of what is adversely alleged, and possess the requsite decree of certainty. This rule is enforced with peculiar strictness in the plea of justification to actions of slander or libel. For a man propagating a charge derogatory to the character of another, is *prima facie* to be considered a tortfeasor (per ASHRUST, Judge, in *J. Anson* v. *Stewart*, 2d S. L. C. p. 63. TINDAL, C. J., in *Young* v. *Murphy*, 3d Bing. H. C. p. 54.); And it would be extremely hard if the plaintiff, who risks his character upon the trial of the issue joined upon the plea of justification, were left in any uncertainty as to the precise nature of the accusation he attempts to rebut. In such a case he is fact and truth the defendant, though formally he appears as plaintiff on the record. (Notes to *J. Anson* v. *Stewart.*) Hence, when the charge is particular, the defendant must aver and prove the identical offence. So a plea is bad which justifies part only of a libel, leaving out that part *which gives the sting to the whole.* That was the point in *Montny* v.

*Walton*, (2d Smith, L. C. p. 66,) and the case is directly opposed to his Honor's ruling. The plaintiff sued on a libel inserted in a newspaper, headed " horse stealer." The libel went on to state facts tending to prove the plaintiff guilty of the offence charged but the plea, though it alleged the truth of these facts, did not aver that the plaintiff was a horse stealer. LITTLEDALE, Judge, said the gist of the whole is contained in the word horse stealer, the rest is a statement of facts from which that charge is deduced. See *Sharpe* v. *Stephenson,* 12 Iredell Law Reports. The cases in our own Reports bring out the point more clearl .In *Chandler* v. *Robeson*, 7 Iredell, 480, it is distinctly decided that it is not sufficient to prove that what the plaintiff swore was false. In *Jenkins* v. *Cockerham*, 1 Ired. 309, it is held that the plea of justification must contain all the averments which, if true, constitute the crime of perjury. This is but the enunciation of the ancient and fundamental principles that every circumstance necessary to constitute the cause of complaint or ground of defence must be stated in the pleading, so the Court may know what it is to try, and the parties, what they are to answer. Test his Honor's opinion by this principle. That opinion was that the allegations of the complaint were sufficiently controverted by the answer. Then the jury understood his Honor to say, that if defendant proved the facts set forth in the answer, he was entitled to their verdict, since it is never necessary to prove more than it is necessary to allege. But those facts may be all true, and yet the plaintiff innocent of the crime of perjury. This, therefore, is no answer.

2. The objection was properly taken. The defendant had a right to allege the facts, set out in his answer, in mitigation of damages. C. C. P., sec. 125. And if true, the plaintiff could not reply, and a demurrer would be improper; consequently the only cause was to insist on judgment, and allow the jury to assess the damages. His Honor having instructed the jury that the allegations of the complaint were sufficiently contro-

verted, if there is error we are entitled to judgment *non obstante veredicto,* here.

3. The question of evidence is settled in our favor—69 N. C. 461.   State is not. 6 Jones 114.

*Malone & Bynum,* (with whom were *McCorkle & Bailey,*) submitted the following brief:

I. As to errors with regard to plea of justification.

(1.) The old rule, that the pleading is taken most strongly against the pleader, is abolished by C. C. P., sec. 119, p. 46.

If insufficient or frivolous, taken off the file and judgment. C. C. P., sec. 218, p. 81.

If uncertain, the course is to move to cause the same to be made certain.   C. C. P., sec. 120, p. 46.

We further submit, that the plea of the statute is sufficient. Not to admit is to deny, unless the plea is affected by C. C. P., sec. 127, p. 48.   But that section only employs the words " material allegations."   Now *the time* alleged in the complaint is not material nor traversable.   1 Chitty Pld., 647 and 685.

All that is necessary to support a plea of justification in slander, *not actionable per se,* is to justify the fact.   Townshend, p. 341, note 4, *Astley* v. *Lounger,* 2 Burrows, 807.

There is a well-settled distinction between the justification of words actionable *per se* and where they are not so.   Townshend, pp. 557 and 558.

In the former class it is necessary to aver in the plea that the false oath was taken knowingly and that the matter testified to was material as when the charge is that " the plaintiff perjured himself," but in other cases it is sufficient to allege the truth of the words spoken.   Townshend, 557, bottom.

We next submit that the alleged insufficiency of the plea could not be taken advantage of on the trial.   Townshend, 552, note 2.

If either defence is sufficient, a general verdict for the defend-

ant obviates all error as to the other, and precludes the necessity of arguing into its sufficiency or the Judge's charge touching the same. *Sumner* v. *Shipman*, 65 N. C., 623 ; *Bullock* v. *Bulloch*, 3 Dev., 260 ; *Morisey* v. *Bunting*, 1 Dev., 3 ; *Masten* v. *Waugh*, 2 D. & B., 617 ; *Doub* v. *Hauser*, 7 Ired., 167 ; *Hall* v. *Woodside*, 8 Ired., 119 ; *Monroe* v. *Stultz*, 9 Ired, 49 ; *Cole* v. *Cole*, 1 Ired, 160 , *Ramsay* v. *Morris*, 13 Ired., 458 ; *Higdon* v. *Chastain*, 1 Winst., 212.

But even if the plea be defective, we submit that the defect is cured by the verdict.

The doctrine upon this subject is founded on the *common law*, and is independent of statute. 1 Chitty Pld., 712 and 713 ; *Rushton* v. *Aspinwall*, 1 Smith L. C., 334.

A motion is made here for judgment *non obstante verdicto*. We submit that the Code does not provide for such a judgment, but does provide how and in what cases judgment is to be rendered. C. C. P., title X, chaps 1 and 6.

We further submit, the legality of the motion as made in in this Court for the first time, is doubtful, and its propriety questionable :

(1.) In that, at least, it is substantially a violation of the rule requiring exceptions to be noted at the foot of the transcript.

(2.) That it would operate as a surprise, not only because not made below, but because other distinct motions were made.

But if permissible now and here, we submit :

That whenever a Court is called on, whether by demurrer or otherwise, to decide upon the sufficiency of any pleading, it will not stop at the pleading so brought under scrutiny, but will examine the whole record and give judgment against the pleader who committed the first fault. Stephen, 120.

And while a declaration containing several counts—one good and others defective—will authorize a judgment upon demurrer to it, or upon demurrer to a defective plea, yet it would, we submit, be extending the doctrine beyond all legal intendment to apply that doctrine to a motion *non obstante*.

For here, had the plaintiff obtained a verdict, the judgment

should have been arrested because one of the counts is defective; but by the argument of the learned counsel, when the plaintiff loses the verdict he is entitled to a judgment *non obstante*. By this process of reasoning, it will always be better for plaintiffs with a defective plea in confession and avoidance, to permit a verdict for the defendant, as the only way to secure a judgment.

In our case the first count is defective :

(1.) In failing to set out a *colloquium*.

(2) And both counts and the whole declaration in failing to set forth that the oath was administered by a person having lawful and competent authority to do so. 2 Chitty Pldg., 637 638. (Form of declaration.)

As to *colloquium*, its necessity, and that *inuendo* does not supply its place, *vide* Chitty Pldg., 429, 43, 436 ; Townshend, pp. 228, 504, 527, 528, secs. 336 and 531.

II. The declarations of plaintiff's counsel, offered under the specious name of advice, were properly excluded.

The plea is alleged to be defective, because it does not aver that plaintiff wilfully and corruptly deposed, and whether defective or not on that account, it *does not* so aver ; so that the advice of counsel could not be *relevant to the issue*.

III. *Judge's charge.* His Honor could not give the record, as that would be equivalent to ignoring his ruling on the first.

BYNUM, J. The subtle science of pleading heretofore in use, is not merely relaxed, but abolished by the Code, and the forms of pleading in civil actions, and the rules by which their sufficiency is to be determined, are those prescribed in the Code. C. C. P., sec 91. The new system thus inaugurated, is such that few, if any, of the ancient rules are now applicable.

All that is required of the plaintiff, is a plain and concise statement of the facts constituting the cause of action, and of the defendant, a general or specific denial of each material allegation of the complaint, not controverted in the answer Sec. 100.

In order that all technical objections may be avoided, and the parties brought to a speedy trial upon the merits, sec. 119 provides, that the allegations of each pleading shall be liberally construed with a view to substantial justice between the parties. But to obviate all diverse constructions, which the ingenuity of counsel at the trial might give to the pleadings, to the embarrassment of Court and jury, and .the delay and obstruction of the course of justice, sec. 120 provides, that when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence, is not apparent, the Court may require the pleading to be made definite and certain by amendment. Secs. 128–36 point out how amendments shall be made, the obvious purpose being that parties shall apply to the Court, in apt time, prior to the trial, to amend the pleadings in all the particulars objected to, and that they may not be allowed, at the trial, to spring objections to the form or effect of the charge or defence.

So intent were the framers of the Code, to discard all technical forms, that by sec. 135 it is declared, that " the Court and the Judge thereof, *shall*, in every stage of the action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party ; and no judgment shall be reversed or affected by reason of such error or defect." And then, by a sweeping curative supplement to this most liberal system of pleading, sec. 132 confers upon the Court the power, both before and after judgment, to make almost any conceivable amendment, so as to conform the pleadings to the facts proved.

Applying to the case before us these new rules of pleading, we conclude that the pleadings and the issues made by them were so reasonably certain and understood by the parties, that their substantial rights were tried. That according to the Code, the answer of the defendant amounted to the plea of justification, and of the statute of limitations.

If the exceptions taken and so ably argued by the counsel of the plaintiff, were to be decided according to the intricate sys-

tem of pleading in the books, we might concur in the reasoning and authorities adduced, but we hold that they have no application here, for the reasons before stated.

This disposes of all the exceptions argued in this Court; the one as to the question to the plaintiff, we understand to have been abandoned properly.

There is no error.

PER CURIAM. Judgment affirmed.