The action was brought by the plaintiff to recover the amount alleged to be due upon the following sealed note:
(28) $150.
Twelve months after date, we, or either of us, promise to pay James House, with interest from date, or order, the sum of one hundred and fifty dollars, for value received. Witness our hands and seals, this 21st of September, 1860.
 (Signed) ASA GREEN, Seal. his L.M.X HOWARD, Seal. mark.
Attest: M.H. TURNER.
The handwriting of M.H. Turner, the subscribing witness, admitted to be dead, was proved to be genuine by J. W. Marcom and F. M. *Page 53 
Proctor, the former of whom stated that the general character of M.H. Turner was bad, but that he had never known him to be indicted for any crime; and Proctor stated that some said it was bad, and some said it was good. One Wilkerson was introduced by the plaintiff, who testified that the body of the note, and the words "his mark," were not in the handwriting of M.H. Turner. It was also in evidence that M.H. Turner had been a constable for twenty years, including the time the bond bears date, and entrusted with much business. There was no evidence offered by defendant.
His Honor, among other things not objected to, charged the jury, that when the attesting witness to a bond was dead, its execution may be proved by proof of the handwriting of the subscribing witness, but that the jury must find from all the evidence, whether the defendant in fact executed said bond. The defendant having argued to the jury, that it was a circumstance of suspicion to be weighed by them, that plaintiff had not shown any transaction upon which the note sued on could have been founded, and that no consideration had been shown for the note, the plaintiff asked the Court to charge, and the Court did charge, that a note under seal imports a consideration, and it is not necessary for the holder of the note to show what was the consideration. And on being then asked by defendant's counsel, in the presence of the jury, whether the Court meant by this charge to (29) say mere proof of the handwriting of the subscribing witness was sufficient proof of the execution, the Court replied: "I do not; and have not said anything of the sort to the jury; whether it is sufficient proof is a question for the jury, and that the jury would consider all the evidence and argument of counsel, and determine whether defendant did execute said note or not, by making his mark to the same."
Defendant moved for a new trial for error in the charge, as given above, and also upon the ground that the jury had been allowed to take the bond with them when they retired. The plaintiff's counsel during his argument to the jury, asked if there was any objection to giving the note to the jury, and the defendant's counsel stated there was not, and expressly assented thereto. Thereupon the note was given to the jury and retained by them until they rendered their verdict.
The jury returned a verdict in behalf of the plaintiff, and there was a judgment in his favor. The defendant moved for a new trial upon the grounds of the exceptions taken on the trial. His Honor refused the motion, and the defendant appealed.
The first exception taken by the defendant, was to the charge of the Court, that, when the attesting witness to a bond was dead, its execution may be proved by proof of the handwriting of the subscribing witness, but that the jury must find from all the evidence whether the defendant in fact executed said bond. There was no error in this charge. It is well supported by authorities. Black v. Wright, 31 N.C. 447; Burnett v. Thompson,35 N.C. 379; McKinder v. Littlejohn, 23 N.C. 66; United States v. Lyon, 15 Peters, 290.
The second exception was to the instruction given by his Honor to the jury, "that a note under seal imports a consideration, and (30) it is not necessary for the holder of the note to show what was the consideration." This is such familiar elementary learning that it is needless to recite any authorities.
The next ground urged by the defendant for a new trial was, that the jury had been allowed to take the bond with them when they retired. But this ground is taken from under the defendant by his having not only not objected to its being given to the jury, but by expressly assenting to it.
There is no error, and the judgment of the Superior Court is affirmed.
No error. Affirmed.
Cited: Wester v. Bailey, 118 N.C. 195; Bright v. Marcom, 121 N.C. 87;Moose v. Crowell, 147 N.C. 552; Cowen v. Williams, 197 N.C. 433; Taft v.Covington, 199 N.C. 57; Royster v. Hancock, 235 N.C. 112.