J. S. BURWELL, Adm'r, v. H. C. LINTHICUM, Adm'r.

*Statute of Limitations—Seal after Signature of Firm Name—The Code,* § 155, *subsec.* (9).

1. Where a contract, entered into by an individual and a copartnership, is reduced to writing, and signed and sealed by the individual, and the firm name is signed, and a seal put after it by a member of the firm, the instrument is the *covenant* of the individual, and. the *simple contract* of the firm.

100—10

:2. An action on such an instrument is barred by the statute of limitations after three years from the time it arose, as to the copartnership and the members thereof.

:3. In 1882 defendant's intestate contracted to build a house for plaintiff's intestate. The house was completed, turned over to, and accepted by plaintiff's intestate in 1883. In 1887 plaintiff sued on the contract to recover for defective work done on the house, contrary to the terms of the contract, which defects were *not discovered* until 1885; *Held,* (1.) that the cause of action arose at the time the house was completed and accepted, and was barred after three years from that time. (2.) That the action would have been at law, under the former system of practice, and, therefore, did not come within the saving in subsec. (9), § 155, *The Code.*

CIVIL ACTION, tried before *Shipp, J.,* at October Term, 1887, of VANCE Superior Court.

The Court intimated an opinion that plaintiff's cause of action was barred by the statute of limitations, in deference to which plaintiff submitted to a nonsuit and appealed.

This action, begun on the 2d day of February, 1887, by the plaintiff, J. S. Burwell, administrator of Henry H. Burwell, against the defendant, H. C. Linthicum, administrator of William H. Linthicum, is brought to recover damages for the breach of a contract in writing, for the construction of a store-house for the plaintiff's intestate, the particulars whereof are set out in detail therein. It is only necessary, in order to show the parties to it and the nature of the obligations respectively entered into, to set out the beginning and concluding words, and these are as follows:

"Articles of agreement, made and entered into this 31st day of March, 1882, by and between Henry H. Burwell, Junior, of the first part, of the County of Vance, N. C., and Wm. H. Linthicum and James B. Ley, trading under style and firm of W. H Linthicum & Co., at Durham, N. C., of the second part, witnesseth : That the said W. H. Linthicum & Co. agree to build for said H. H. Burwell, Jr., in the town of Henderson, N. C., on the lot," &c. The concluding words

are: "This contract to be in full force, binding on both parties, unless they hereafter agree on a turnkey job, then this is to be null and void, otherwise in full force and effect.

As witness our hands and seals, this the 3d day of March, 1882.

H. H. BURWELL, [SEAL.]

W. H. LINTHICUM & CO., [SEAL.]

Witnesses: JAS. C. WATKINS,

E. HINES.

The complaint assigns violation of the terms of the contract by the parties undertaking the work, which are controverted in the answer, and the further defence is relied on arising from the lapse of time, since the completion of the building, of more than three years, and the interposing bar of the statute of limitations to the action.

Upon the trial, it was admitted, that the structure was finished, turned over to the plaintiff's intestate, and accepted by him, in the summer of 1883, but the defects therein were not discovered until the year 1885.

The Court intimated an opinion, that the cause of action arose at the time when the house was finished and received, and that it was barred by the statute. In deference thereto, the plaintiff submitted to a nonsuit, and appealed, presenting the sole question of the application of the statutory bar.

*Mr. Geo. H. Snow*, for the plaintiff.

No counsel for the defendant.

SMITH, C. J., (after stating the facts). The rulings of this Court are decisive of the character of the instrument and the nature of the obligation which it imposes. While bearing the seals of the parties, it is a *covenant* as to the intestate, H. H. Burwell, and a *simple unsealed contract* as to the other party. This rule is settled by several adjudications in this Court.

In *Brown* v. *Bostian*, 6 Jones, 1, which was an agreement to deliver to the plaintiff firm of Brown, Brawley & Co. one hundred barrels of good, merchantable flour, and after the words, "witness our hands and seals," it bore the signatures, thus:          BROWN, BRAWLEY & CO., [SEAL.]

          DAVID BOSTIAN,          [SEAL.]

In the body of the instrument are found the words: "said Brown, for Brown, Brawley & Co., contracts and agrees," &c., and BATTLE, J., in the opinion, says: "It is true, that, in the body of the instrument, the contract purports to be made between John L. Brown, for the plaintiffs and the defendant; and John L. Brown, for the plaintiffs, promises to pay the defendant for the flour upon its delivery. Brown, as a member of the firm, had full authority to make the contract, but not to bind the partnership by a seal. Had the defendant performed his part of the contract by the delivery of the flour, he might have found a difficulty in suing any person upon this written agreement. He could not have maintained an action upon it against Brown alone, because it was not signed in his name; nor could he have sued the partnership upon it, because Brown was not authorized to put their seal to it. The defendant would not, however, have been without an adequate remedy, as he could have brought an action against them for goods sold and delivered, and used the written instrument as evidence of the price and terms of payment." For this, he cites *Delius* v. *Cawthorn*, 2 Dev., 90; *Osborne* v. *The High Schools Mining and Manufacturing Co.*, 5 Jones, 177.

In *Fronebarger* v. *Henry*, 6 Jones 548, RUFFIN, J., declares the rule of the common law to be, "that one partner cannot bind another by deed, by virtue of his authority as partner merely, and that an instrument like this," (before the Court,) "is the deed of the executing party alone." And he questions the admissibility of the instrument

as "plenary evidence of a debt of the firm, on any consideration."

In *Fisher* v. *Pender*, 7 Jones, 483, the apparent discrepancy in the two cases, is explained and removed, in a full and learned discussion of the doctrine, and the conclusion reached is announced by BATTLE, J., in these terms: "It is apparent from the case," (*Elliot* v. *Davis*, 2 Bos. & Pull. Rep., 338,) "that one partner may bind himself by deed, by signing it in the name of the partnership, *provided he seal and deliver it as his own deed as well as that of the partnership*, and he will be bound by the instrument, though the other partner or partners will not, unless he had their authority, under seal, to execute for them. That is the true rule, and it is in accordance with the well established principles which govern the execution of deeds."

The same principle is recognized in *Osborne* v. *High Schools M. & Man. Co.*, *supra*, and *Taylor* v. *School Com.*, 5 Jones, 98; *Holland* v. *Clark*, 67 N. C., 104.

The agreement shows, clearly, that the partnership and not an individual member was intended to be bound, and it was, at most, if effectual at all, a parol contract of the firm, and subject to the three years' statutory bar, while the obligation of the plaintiff's intestate, incurred by covenant, is governed by a different period of limitation, and there is no inconsistency in this, as decided in *Davis* v. *Golston*, 8 Jones, 28.

The appellant seems to have claimed the benefit of subsec. 9, § 155, of *The Code*, which provides for relief against fraud in cases theretofore "solely cognizable in a Court of Equity," in which the cause of action accrues from the time of its being discovered. The present action, under the former system, would have been at law and not in equity, and does not belong to the class mentioned in the statute. *Blount* v. *Parker*, 78 N. C., 128, and cases at the foot of the section. There is no error, and the judgment is affirmed.

No error.                                          Affirmed.