CICERO FULPS v. HENRY MOCK.

*Contract Quantum Meruit—Evidence—Charge—Statute of Limitations—Pleadings—Amendment.*

The plaintiff brought his action against the defendant for services rendered him from 1883 to 1889. Defendant pleaded the statute of limitation and a counterclaim. Plaintiff denied the counterclaim, and replied that the contract was that he was to be paid *at the defendant's death*, but had been dismissed from his service: *Held,* (1) that it was not incompetent for plaintiff to testify of the matters set up in his replication under the pleadings as they stood unamended ; (2) it was not error for the Court to charge that if the contract was as alleged by plaintiff *in his replication*, then, unless the plaintiff was willing to perform his part of it, and was prevented from so doing by the defendant. they would find plaintiff not entitled to recover; (3) that if the contract set out in the replication existed, and the plaintiff was ready to perform his part of it, his recovery was not barred by the statute of limitations ; (4) that if there was no contract as to length of service or rate of payment, plaintiff could only recover for three years next preceding the commencement of the suit.

Appeal from *Merrimon, J,* at Spring Term, 1891, of ALEXANDER Superior Court.

The complaint alleged "that defendant is justly indebted to the plaintiff in the sum of eighteen hundred dollars for services performed by the plaintiff for the defendant, as miller

in defendant's mill, and for attending defendant's fishery, and for services on defendant's farm, from the 1st day of March, 1881, to the 15th day of November, 1889, at $25 per month," and a demand and refusal to pay. The answer denied the allegations of the complaint, pleaded the statute of limitations and a counterclaim for board and lodging for the time specified in the complaint. The plaintiff filed a replication to the defendant's pleas of the statute of limitations and counterclaim, setting out that defendant agreed in consideration of services named, and which plaintiff has rendered, the defendant would board him and would convey him all the property which he (defendant) might own at his death; that on November 15, 1889, the defendant dismissed the plaintiff from his service, declined to allow him to proceed further under the contract, and denied its existence, and thereupon the plaintiff brought this action for the value of the services actually rendered by the plaintiff.

By consent the following issue was submitted: " Is the defendant indebted to the plaintiff? If so, in what sum?"

The plaintiff was offered as a witness in his own behalf, and, after objection by defendant, which was overruled by the Court, testified as follows: " I hired to defendant in 1881; worked one year under this contract; he was to pay me whatever was right; no agreed price; sawed for him." "I made a contract with defendant in 1883; he sent for me to go over to the mill to see him; he wanted me to stay with him as long as he lived and he would make me an heir to everything he had, and I agreed to do it; went to his house and stayed there with him five years; attended to his mill; attended to his ferry and fishery, and did other things. I quit in 1889, in November; defendant made me quit; he cursed me and drew his stick on me, and told me ' Damn you, you have to get away and I'll get somebody that will attend to my busines.' He boarded me; this was a part of the agreement; my services were worth $20 to $25 per month."

This evidence was objected to by defendant, "under the pleadings as they stood unamended. The plaintiff did not ask leave to amend, nor was any amendment of the pleadings made then, or at any time." The Court, upon the authority of *Stokes* v. *Taylor*, 104 N. C., 394, overruled the objection, and defendant excepted. The plaintiff, without objection by defendant, abandoned any claim for services rendered under the contract for 1881, and sought only to recover for services rendered under the contract of 1883. There was other evidence tending to show how long plaintiff served defendant, and the value of his services. The defendant offered evidence tending to show an agreement, in 1881, that plaintiff was to receive, as compensation, a part of the mill-tolls; that he left, and when he returned in 1883 and went to work nothing was said about terms, and plaintiff left voluntarily in 1889. The Court charged the jury—

1. That if the contract was as alleged by the plaintiff in his replication, then, unless the plaintiff was ready and willing to perform his part of the contract, and was prevented from doing so by defendant, they would answer the issue, No.

2. If such contract existed, and plaintiff was ready and willing to perform his part, but was prevented by defendant, plaintiff is entitled to recover the value of his services, less such sums as have been paid him, and the value of such tolls or proceeds of such as he may have retained, and that he was not barred by the statute of limitations as to any part of his claim if the defendant committed a breach of the contract in November, 1889, as testified by plaintiff.

3. That if there was no contract as to the length of service, or rate of pay, plaintiff could recover only the value of his services for three years immediately preceding the action, subject to any payments made him, and as to the statute of limitations, he read to the jury what was said in *Miller* v. *Lash*, 85 N. C., on page 54, 3d paragraph.

4. If the contract between the parties was as testified to by defendant, the plaintiff was not entitled to recover anything.

Defendant excepted to instructions first and second. There was a verdict for the plaintiff. Defendant moved for a new trial on the ground, "that throughout this trial the special contract set up in the replication had been treated by the Court as a cause of action in itself, and sufficiently pleaded to enable the plaintiff to have the benefit of it as a ground for recovery; that evidence had been admitted for the purpose of establishing it as such, and that his Honor's charge had instructed the jury to find for plaintiff, if he had proved that special contract and defendant's breach of it, which part of his charge he respectfully assigned as error."

The case on appeal further states: "His Honor's charge, in the particular complained of, speaks for itself, but he did not treat the special contract, set up in plaintiff's replication, as a cause of action in itself, and sufficiently and lawfully pleaded to enable the plaintiff to have the benefit of it as a ground for a recovery. The evidence was not admitted for the purpose of establishing it as such. His Honor was of opinion, that under the ruling of the Supreme Court in *Stokes* v. *Taylor*, it was incumbent upon him to admit the evidence objected to upon the issue submitted to the jury (there being no objection to the form or to the substance of the issue) for the purpose of proving that plaintiff rendered services for which he was entitled to be paid; and that the variance between the allegations of the complaint and the proof offered ought to be regarded as immaterial, and that the defendant was sufficiently informed by the complaint of the plaintiff's demand against him, and was not in any way taken by surprise. Verdict and judgment for plaintiff, appeal by defendant."

*Mr. R. B. Burke,* for plaintiff.
*Messrs. Jones & Kerner* (by brief), for defendant.

CLARK, J.: The defendant seems to have misconceived the scope of the action. The Court below did not "allow plaintiff to abandon his cause of action set out in the complaint and to recover on a special contract set out in the replication." The plaintiff, by his complaint, was seeking to recover the value of his services from 1881 to 1889. On the trial he abandoned any claim for services from 1881 to 1883. To this defendant did not and could not object. To prove his right to recover the value of his services from 1883 to 1889, without being subject to counterclaim for board, and to bar the application of the statute of limitation, the plaintiff introduced evidence which was also admissible to prove the allegations of his complaint. The evidence was pertinent and appropriate. It was not necessary to plead these matters of evidence in the complaint, and that the plaintiff pleaded them in his replication constituted no change or abandonment of his cause of action, which remained as before, for the recovery of the value of his services. The plaintiff did not seek, on the trial, to recover the compensation alleged to have been stipulated for in the express contract. The express contract was put in evidence merely to show why the plaintiff, by defendant's abandonment of it, could recover on a *quantum meruit*, and why the statute of limitations did not run. The cause of action was so broadly stated, indeed, as to have authorized a recovery by proof either on a *quantum meruit* or express contract. *Lewis* v. *Railroad*, 95 N. C., 179. If the allegation was defective, the proper mode of correction (when the substantial facts which constitute the cause of action are stated in the complaint, or can be inferred therefrom by reasonable intendment) is not by demurrer, nor by excluding evidence on the trial, but by a motion, before the trial, to make the averments more definite by amendment. *Stokes* v. *Taylor*, 104 N. C., 394; Pom. Civ. Rem., 549; *The Code*, § 261; *Moore* v. *Edmiston*, 70 N. C., 510.

No error.