## McNEAL PIPE AND FOUNDRY COMPANY v. WOLTMAN, KEITH & COMPANY.

*Notary's Certificate of Acknowledgment of Deed—Mortgage of Partnership Property by one Partner—Affixing Seal to Partnership Name—Water-works Machinery and Franchise—Public Necessity of Sale of; together—Receiver—Time of Proving Claims.*

1. The certificate of a Notary Public concerning the probate or acknowledgment of deeds is *prima facie* evidence of the truth of its pertinent recitals; hence a notary's certificate on a trust deed signed by "W., K. & Co." that it was "acknowledged by E. W., one of the firm of W., K. & Co., the grantors," is evidence of the fact that the deed was executed by a member of the firm.

2. A trust deed executed by one member of the firm in the firm name, with seal attached, is binding on the firm as a contract, though not as a deed.

3. A seal is not necessary to the due execution of a mortgage of personal property, and hence a seal affixed to the firm name signed to a deed of trust of personal property does not invalidate the conveyance.

4. Contractors for the construction of a city water-works plant for a water company gave a trust deed on the machinery to the seller, which provided that the machinery should not be considered as fixtures until the debt was paid; the machinery was placed on the ground provided by the company, but was not paid for; a receiver for the company was afterwards appointed, and proceedings instituted to wind up its affairs: *Held,* that public necessity required that the plant and the company's franchise should be sold together, and

that the deed should be a specific lien thereon, to the extent of the value of the machinery, except as to the claim of certain heirs having an interest in the land.

5. Though a day was set for all creditors of the company to come in and exhibit their claims, the Court could, in its discretion, allow further time, or permit creditors to prove their claims after such time, on showing reasons for failure to come in within the time fixed.

This was a CIVIL ACTION, tried before *Hoke, J.,* and a jury, at the Fall Term, 1893, of VANCE Superior Court.

The action was originally begun to recover $10,784.04 due the plaintiff from Woltman, Keith & Co., who had contracted to construct and equip a water-works plant at Henderson for the Henderson Water Supply Company, a corporation now defunct. There was a recovery by the plaintiff, and the water supply company and its bondholders came in as defendants, and by consent of all parties the action was converted into a creditor's suit to close up the affairs of the water supply company, and Henry Perry was appointed receiver, with authority to borrow money and to complete and operate the works, and also to ascertain the *bona fide* indebtedness of the water supply company. The receiver completed the works, and ascertained and reported the indebtedness of the water supply company and of himself as receiver, as recited in the judgment herein. The appellant, the Henderson Water Supply Company, was organized early in 1892 by the bondholders of the original water supply company, with J. Whit Wood as president and W. L. Granger as secretary, under chapter 165, Private Laws of 1887, as amended by chapter 7, Private Laws of 1891, for the purpose of acquiring the water-works plant then under construction, and on February 23, 1892, the original Henderson Water Supply Company conveyed to it by deed all its real and personal property. It became a party to this action on the 13th day of April, 1892.

In June, 1890, Woltman, Keith & Co. purchased of the Deane Steam Pump Company the pumping machinery claimed in this action for $4,200 and executed their promissory note therefor, and a deed of trust on all the machinery and tools to W. H. S. Burgwyn to secure its payment, dated June 25, 1890, in which it was provided that "said machinery, etc., is to be used by the water-works company at Henderson, in said county of Vance, and is to be erected on foundation prepared by parties of the first part (W., K. & Co.) from drawings furnished party of the third part (D. S. P. Co.), but said machinery is not to be considered as fixtures until said note or any renewal of the same, in whole or in part, shall be paid"; and said machinery was after that time placed by Woltman, Keith & Co. in a house prepared for it on ground provided by the Henderson Water Supply Company, appellant.

The receiver took possession of the machinery embraced in the deed of trust, and at February Term, 1893, the Deane Steam Pump Company, by leave of Court, became a party to the action and sought to recover from the receiver the possession of the machinery.

Upon the trial the Deane Steam Pump Company offered in evidence the deed of trust from Woltman, Keith & Co. to W. H. S. Burgwyn. Its admission was objected to on the ground that the probate was insufficient in that it does not show that the deed was executed by a member of the firm, and because it was executed in the firm name with a seal. The objection was overruled, and the appellant excepted.

It was admitted that Woltman, Keith & Co. were indebted to the Deane Steam Pump Company in the sum of $4,200, with interest from April 15, 1892.

Upon the pleadings the following issues were submitted to the jury and answered as set forth below:

PIPE AND FOUNDRY COMPANY *v.* WOLTMAN.

"1. Did defendants, the Deane Steam Pump Company, or their trustee, W. H. S. Burgwyn, have a valid mortgage, duly registered, on the pumps and other property described and claimed in their answer?  Answer, Yes.

"2. Did said defendants, after the execution of said mortgage, contract and agree for value with the McNeal Pipe and Foundry Company and other general creditors of the Henderson Water Supply Company and Woltman, Keith & Co. that they would not enforce their said mortgage lien, and that they would become a general creditor for the amount due them on said mortgage?  Answer, No.

"3. Was said property, with the knowledge and assent of the Deane Steam Pump Company, or their trustee, annexed to the freehold of said plant as a part of the same and as a fixture thereon?  Answer, Only so far as claim due Fox heirs is concerned.

"4. What was the value of the pumps and other property contained in said mortgage?  Answer, $3,800.

"5. What amount has been borrowed and is now due and owing on receiver's certificates, contracted and given by order of Court, and to whom due?  Answer, Amounts as shown by reports of receiver on file."

The said deed of trust was signed "Woltman, Keith & Co., (Seal)."

And the following certificate of probate was attached:

"I, John J. W. Stone, a notary public, do hereby certify that the execution of the foregoing instrument was this day acknowledged before me by Emil Woltman, one of the firm of Woltman, Keith & Co., the grantors.  Witness my hand and notarial seal, this 29th day of November, 1890.                    JOHN J. W. STONE,
       [Notarial Seal.]          *"Notary Public, Keys Co."*

The Court was of opinion that on the record the Fox heirs, owning the realty, could not be deprived of their supreme lien by special contract for machinery which might destroy their claim, but as to other contracts, etc., those claiming under Woltman, Keith & Co. were barred by their contract that the machinery should not be a fixture.

The fourth issue was submitted at the instance of the appellant, who contended that by reason of the use of the machinery sued for, in supplying the town of Henderson and its residents with water, public policy would not allow it to be severed from the plant. The Court, being of opinion that public necessity required that the plant and franchise of the water supply company should be sold together, sustained the contention of the appellant, and held that the deed of trust of the Deane Steam Pump Company should be a specific lien upon the property and franchise of the water supply company, to the extent of the present value of the machinery sued for, except as to claim of Fox heirs.

The appellant moved for judgment, notwithstanding the verdict, on the following grounds:

"That it appears that the property of the Henderson Water Supply Company has become bound to pay the condemnation price of the real estate, as well as the receiver's certificates issued by the receiver to borrow money to finish the works; that it appears that it was twelve months after the alleged foreclosure of the trust before the Deane Steam Pump Company made any effort to obtain possession of the pumps, and after the property of said Henderson Water Supply Company had become charged with the lien of the receiver's certificates; that having allowed the pumps to remain situated upon the lands of the Fox heirs, which said Henderson Water Supply Company had the right to have conveyed to it, and having allowed the possession of the

pumps to pass into the hands of the receiver of this Court, it has the effect to place the Deane Steam Pump Company as a creditor of Henderson Water Supply Company; that it appears that the Deane Steam Pump Company did not have any contract of sale with the Henderson Water Supply Company, and are therefore only entitled to recover of said water company the value of the pumps, without priority, and as all other creditors are paid, said pumps being situated upon lands which the water company had the right to have conveyed to it in fee."

Motion overruled. There was judgment upon the verdict, and the Henderson Water Supply Company appealed and assigned as error:

"1. The admission of the deed of trust from Woltman, Keith & Co. to W. H. S. Burgwyn, trustee.

"2. In directing the answer to the third issue, and holding that said pumps were fixtures only so far as the Fox heirs were concerned.

"3. That having held the pumps to be fixtures so far as the Fox heirs were concerned, it was error not to hold said pumps were fixtures so far as the Henderson Water Supply Company was concerned, because the Henderson Water Supply Company claimed under the Fox heirs, and said Henderson Water Supply Company were bargainees through and by the Court of all the rights of the Fox heirs.

"4. The refusal to sign judgment upon the motion made by appellant, notwithstanding the verdict.

"5. By allowing the Deane Steam Pump Company to litigate their claim in this action after the filing of the report of the receiver, and in not holding that the Deane Steam Pump Company was barred by the report of the receiver, after the publication of notice for all parties to prove their claims against the Henderson Water-works, it having failed to come in and prove the same, and their debt having been found for the full amount of the same."

*Messrs. T. M. Pittman* and *W. B. Shaw,* for plaintiff.

*Mr. J. H. Bridgers,* for the Henderson Water Supply Company (appellant).

MacRAE, J.: Upon the trial the Deane Steam Pump Company offered in evidence the deed of trust from Woltman, Keith & Co. to W. H. S. Burgwyn. Its admission was objected to on the ground that the probate was insufficient, in that it does not show that the deed was executed by a member of the firm, and because it was executed in the firm name with a seal. The objection was overruled, and the appellant excepted.

The first ground of exception is untenable. By statute in this State the powers of notaries public have been extended beyond those which were incident to the office by the universal law-merchant, and pertained to the presentment of bills of exchange for exceptance or payment and the protest thereof for non-payment or refusal to accept; they may now take and certify the acknowledgment or proof of powers of attorney, mortgages, deeds and other instruments of writing, etc. *The Code,* §3307; §258; Act 1891, ch. 140. The protest of a notary establishes the facts stated in it in respect to each and all of these points to the full extent the notary could do it if he were examined as a witness and were believed. This was for convenience of commerce and to dispense with the necessity of bringing witnesses from a distance or of taking depositions to prove the facts certified to in the protest, the certificate being *prima facie* true. *Elliott* v. *White,* 6 Jones, 98. With the extension of the powers of notaries to take probate of deeds, the same quality attaches to their certificates of probate or acknowledgment; it is *prima facie* evidence of the truth of its pertinent recitals.

The second ground of exception to the admission of the

deed in evidence was that it was executed in the firm name with a seal, the contention of appellant's counsel being that there is no evidence as to which of the parties signed the paper, and hence it cannot be treated as the act of a single member and the simple contract of the firm; and if not a simple contract, then it must be a nullity. It is a general rule that one partner may bind his copartner by a contract in the name of the firm within the scope of the firm business, and it is also a general rule that a partner cannot bind his copartner by deed without express authority. 1 Parson Con., sec. 12. It will not be necessary to advert to the exceptions to and refinements upon these rules.

A seal is not necessary to the due execution of a mortgage of personal property. The property will pass by the conveyance made by one partner in the name of the firm where the conveyance is made in trust to secure the payment by the firm of the purchase price of the articles so conveyed, this being clearly within the scope of the partnership business. For the general doctrine, see Jones on Chattel Mortgage, 46.

"As a mortgage of personal property need not be under seal, and as a mortgage of such property of a firm made by one of the partners to secure a debt of the firm is valid, the addition by him of a seal does not vitiate it." Herman on Chattel Mort., sec. 118. The rule that an agent cannot bind his principal by a sealed contract, without authority under seal to do so, applies to such transactions wherein a seal is indispensable; but in the present case the seal was of no importance and the affixing of the same did not invalidate the conveyance. *Sweelzer* v. *Mead,* 5 Mich., 107; *Milton* v. *Mosher,* 7 Metc., 244. This seems to be the doctrine as laid down in the text-books and in some other States.

It has been held in this Court (*Burwell* v. *Linthicum,* 100

N. C., 145) that where a contract entered into by an individual and a copartnership is reduced to writing and signed and sealed by the individual, and the firm name is signed and a seal put after it by a member of the firm, the instrument is the covenant of the individual and the simple contract of the firm. Chief Justice SMITH, in a learned opinion, reviewing the authorities, says: "The agreement shows clearly that the partnership and not an individual member was intended to be bound, and it was at most, if effectual at all, a parol contract with the firm." The older decisions in North Carolina which held to a stricter rule were applied to cases under the old practice where there were different forms of actions, and the question generally was whether an action of *debt* would lie, or it should have been brought in assumpsit. *Fronabarger* v. *Henry*, 6 Jones, 548; *Fisher* v. *Pender*, 7 Jones, 483. These distinctions having been abolished, we see no good reason why the defendants, Woltman, Keith & Co., and all claiming under them, should not be bound by the contract which one partner had a right to make, though not by deed.

The second, third and fourth exceptions, all turning upon the question whether the property sought to be recovered by the Deane Pump Company is fixtures, are rendered immaterial by the view taken by his Honor, in which we concur, that public necessity required that the plant and franchise of the water supply company should be sold together, and that the deed of trust, as it is called, of the Deane Pump Company should be a specific lien upon the property and franchise of the water supply company to the extent of the present value of the machinery sued for, except as to the claim of the Fox heirs—no exception being taken thereto by the Deane Pump Company.

The fifth exception is not tenable. Although a day was set for all creditors to come in and exhibit their claims it

was entirely within the discretion of the presiding Judge to allow further time or to permit creditors to prove their claims upon proper representations to him of reasons why such creditors had not come in before the prescribed day. It abundantly appears in this case that the property sought to be recovered was sold to Woltman, Keith & Co. for use in the water-works system of Henderson, and passed into the possession of the water supply company, and thence into the hands of the receiver; that it is an important and indispensable part of the water supply plant, and that the public interest will not permit it to be taken away; and it further appears that the Deane Pump Company has never been paid for the said machinery. The law would be weak indeed if it were unable to afford such relief as the seller is entitled to have, and we think his Honor in his judgment has found a just and equitable solution.

No Error.