A. B. WESTER v. S. H. BAILEY, et al.

*Sealed Note—Insertion of Payee's Name after Execution of Bond—Ratification by Obligor—Consideration.*

1. If the maker of a sealed note, blank as to the payee's name, acknowledges it to be his bond after the insertion of payee's name, it is valid and its maker is liable thereon.

2. A sealed note need not express a consideration.

CIVIL ACTION, tried, on appeal from the judgment of a justice of the peace, before *Hoke, J.*, and a jury, at October Special Term, 1895, of FRANKLIN Superior Court. There was judgment for the defendant Bailey (his co-defendant Parker making no defense), and plaintiff appealed. The facts appear in the opinion of Associate Justice FURCHES.

*Mr. N. Y. Gulley*, for plaintiff (appellant).
*Mr. F. S. Spruill*, for defendants.

FURCHES, J.: This is an action of debt brought on the following paper writing : " On the first day of November next we, or either of us, promise to pay A. B. Wester the sum of one hundred dollars with 8% interest from date. Given under our hands and seals this 12th day of April, 1892." (Signed and sealed by J. T. Harper and S. H. Bailey.) At the time this paper was drawn and signed by Harper and Bailey, there was a blank left for the name of the payee, as it was not known at that time from whom the parties would get the money. The note in this condition was placed in the hands of defendant Harper to negotiate and get the money, and he went to the plaintiff, who agreed to let him have the money, and by the direction of Harper the plaintiff filled up the blank with his name as payee,

118—13

and let Harper have the hundred dollars. There were no written pleadings, the case having been commenced before a justice of the peace, but the defendant pleaded and relied on the "general issue." The plaintiff, besides proving the signatures to the note to be those of the defendants Harper and Bailey, introduced one Duke who testified that, "acting for the plaintiff, he took the note to Bailey about the last of September, 1892, and Bailey said he signed the note and it was all right; he would see Harper and make him pay it, and asked witness if he supposed Wester would take back the horse," &c.

We do not feel called upon to consider the views presented by plaintiff's counsel as to whether the action may be maintained under *The Code* practice, as construed in *Fulps* v. *Mock*, 108 N. C., 601 ; *Stokes* v. *Taylor*, 104 N. C., 394; *Moore* v. *Edmiston*, 70 N. C., 510 ; *The Pipe Co.* v. *Walton*, 114 N. C., 178. To do so, would cause us to review a long line of decisions where it has been held with marked uniformity that a bond (a note under seal) must be complete at its execution.

But it seems to us there is another point presented by the case on appeal that is decisive, and that is the acknowledgment by Bailey some time in the latter part of September, 1892. It was then complete. The payee's name was in it then, and this acknowledgment made it his bond then, if it had not been so before.

The only ground presented by defendant Bailey (Harper did not appeal) is that it was without consideration—a *nudum pactum*. But this defense cannot benefit the defendant, because, when he acknowledged it, it became his *bond* —being under seal—and needed no consideration to support it. "The law *conclusively presumes* that it was made upon good and sufficient consideration." Smith on Con-

tracts, page 14; *Angier* v. *Howard*, 94 N. C., 27, and numerous other cases, which we do not think it necessary to cite.

This point was incidentally presented in *Isenhour* v. *Osenhour*, 64 N. C., 640, and though not directly passed upon by the Court, the treatment of the question inferentially sustains the ruling in this case. In that case, the action was upon a note similar to this, brought by the representative of the deceased payee. On the trial the defendant was offered as a witness to prove that the note was in blank, as to the payee, when he signed it. This evidence was objected to by the plaintiff, under section 590 of *The Code*, upon the ground that the intestate payee, were he living, might testify that defendant afterwards *acknowledged it as his bond*.

But, as the Court held that this was not a transaction or communication between the defendant and intestate, it did not fall within the proviso to Section 590, and the point was not directly passed upon by the Court. But from the treatment given it, it appears to us the inference is that, if it had been proved that he afterwards acknowledged it, that would have made it his bond. We must therefore hold that the acknowledgment by Bailey in September, 1892, made the paper sued on his bond, and it needed no consideration to support it. There is error and a new trial is ordered.

New Trial.