COWAN, McCLUNG & CO. v. CUNNINGHAM & WARD.

(Filed 18 December, 1907).

1. **Notes—Partnership—Signature—Seals—Surplusage.**
    The seals after the signatures to a note, "C. & Co. (Seal), per J. T. C. (Seal)," are surplusage, and the obligation is the simple contract of the firm.

2. **Judgment by Default Set Aside — Legal Discretion — Prejudice — Reasonable Time.**
    When a judgment by default final is allowed for a defect amounting only to an irregularity, it is not set aside as a matter of right in the party affected, but in the sound legal discretion of the court. The party injured should show that some substantial right has been prejudiced, and he must proceed with proper diligence and within a reasonable time.

MOTION to set aside judgment, tried before *Cooke, J.,* at August (Special) Term, 1907, of the Superior Court of SWAIN County.

The motion was denied, and defendants excepted and appealed.

*E. R. Hampton* and *A. M. Fry* for plaintiffs.
*F. C. Fisher* for defendants.

PER CURIAM: The judgment in this case was rendered against John T. Cunningham and D. A. C. Ward, as partners, at Spring Term, 1901, of the Superior Court of Swain County, on a note for $537.30, signed "J. T. Cunningham & Co. (Seal), per J. T. Cunningham (Seal)," with an allegation that the company was composed of defendants J. T. Cunningham and D. A. C. Ward. The complaint was filed in due course of the court, at Fall Term, 1900, and at Spring Term, 1901, defendants having filed no answer, judgment by default final was rendered against defendants for the amount of the note and interest. Some time after the judgment, one of the defendants (Ward) having died, his representative and widow and heirs at law, at Spring Term, 1907, moved to set

aside the judgment, on the ground that judgment by default final had been taken on an unverified complaint.

Under the authorities, and on the face of the papers, the obligation is the simple contract of the firm, regarding the seal as surplusage. *Pipe Co. v. Woltman,* 114 N. C., 178; *Burwell v. Linthicum,* 100 N. C., 145; Bates on Partnership, sec. 418. If it should be conceded in such case that a judgment by default final is not allowable on an unverified complaint, the defect only amounts to an irregularity, and such judgments are not set aside as a matter of right in the party affected, but in the sound legal discretion of the court. As said in *Becton v. Dunn,* 137 N. C., 562: "Such judgments are not set aside as a matter of right in the party litigant, but rest in the sound legal discretion of the court. It is always required that a party claiming to be injured should show that some substantial right has been prejudiced, and he must proceed with proper diligence and within a reasonable time."

We are of opinion, in the present case, that the applicants have not brought their cause within either of these requirements. They did not move within a reasonable time, and there is no satisfactory evidence given that a good defense exists against the demand; and for these reasons their motion was properly refused.

Affirmed.