A. H. MOOSE v. A. CROWELL, admr.

(Filed 6 May, 1908).

**Bonds — Acknowledgment by Obligor — Payments — Evidence — "Signed, Sealed and Delivered."**

Evidence that defendant's intestate, who could neither read nor write, acknowledged the bond sued on as her own and made payments thereon for a long series of years, which were duly entered as credits, is sufficient to go to the jury as tending to prove that the bond was "signed, sealed and delivered" by the obligor or by her authority.

(*McKee v. Hicks,* 13 N. C., 379; *Kime v. Brooks,* 31 N. C., 215, cited and distinguished).

ACTION tried before *Moore, J.,* and a jury, at January Term, 1908, of CABARRUS.

Plaintiff appealed.

*Adams, Armfield, Jerome & Maness* for plaintiff.
*Montgomery & Crowell* for defendant.

CLARK, C. J.    Action on a bond alleged to have been exe-
cuted by defendant's intestate.    She could not write.    *Non
est factum* was pleaded.    There was evidence by several wit-
nesses that she said that the note was hers, that she said her
son, Henry, wrote the note for her, and that she had been
seen to make payments on it and direct credits therefor to be
entered on the bond.

The only defense relied on is that, this being a bond, there
was not sufficient evidence to go to the jury to prove that it
was "signed, sealed and delivered" by the obligor or by her
authority.    *Wester v. Bailey,* 118 N. C., 193, held that it
was sufficient if the party afterwards acknowledged it as his
bond, for the acknowledgment, if believed, is of execution,
including delivery, and the seal imports consideration.    *An-
gier v. Howard,* 94 N. C., 27.    This subsequent acknowledg-
ment here was express and accompanied by repeated pay-
ments for a long series of years, and duly entered as credits
on the bond by the intestate's direction.    This distinguishes
this case from *McKee v. Hicks,* 13 N. C., 379, and *Kime v.
Brooks,* 31 N. C., 218, which are relied on by the defendant.
In refusing the motion for nonsuit there was

No Error.