NETTIE COWEN v. GABRIEL WILLIAMS ET UX.

(Filed 18 September, 1929.)

**1. Bills and Notes A a—Seal on promissory note imports consideration.**

> Where a husband and wife execute a promissory note under seal secured by a mortgage on lands, the seal affixed thereto imports that a good and sufficient consideration had been given for it, and in an action against them by the holder of the note in due course the defense of *nudum pactum* is not available to the wife.

APPEAL by plaintiff from *Moore, Special Judge,* at April Special Term, 1929, of MARTIN.

Civil action to recover on a promissory note and to foreclose deed of trust given to secure payment of said note.

On 8 March, 1921, Gabriel Williams and wife, Lucy Williams, together with others, executed and delivered their joint promissory note for $1,921.65, due and payable on or before 8 November, 1922, to J. L. Hassell & Co., and to secure the payment of same, executed a deed of trust on a tract of land in Martin County.

The plaintiff is a holder in due course of said note, which is under seal, and is seeking to foreclose the security and enforce collection of said note.

Lucy Williams contends that the note is without consideration as to her, and denies liability on this ground.

On this phase of the case, the trial court instructed the jury as follows:

"The defendant contends that you ought to be satisfied by the preponderance or greater weight of the evidence that Lucy Williams was only the wife of Gabriel Williams; that she had no interest in this land except such dower right as she may have and that she got no benefit from the execution of the note; contends that you ought to be satisfied from this evidence and by its greater weight and answer that issue 'No'; that she is not liable for the sum due on the note. . . . The burden is on her to satisfy you by the greater weight or preponderance of the evi-

dence before you can answer it no. If she has so satisfied you, it would be your duty to answer it 'No.' Otherwise, you would answer it 'Yes.' Exception by plaintiff.

From a verdict and judgment relieving Lucy Williams from any and all liability on the note, the plaintiff appeals, assigning errors.

*B. A. Critcher for plaintiff.*
*No counsel appearing for defendants.*

STACY, C. J., after stating the case: It would seem that the plea of *nudum pactum* is not open to the defendant, Lucy Williams, as against the plaintiff, who is a holder in due course of the note sued on. Hence the instruction, above set out, which forms the basis of one of the plaintiff's exceptions, we apprehend, should be held for error. *Angier v. Howard,* 94 N. C., 27.

A note under seal imports consideration, and it is presumed from the use of a seal, that the consideration is good and sufficient. *Harrell v. Watson,* 63 N. C., 454; *Wester v. Bailey,* 118 N. C., 193, 24 S. E., 9; *Moose v. Crowell,* 147 N. C., 551, 61 S. E., 524; *Burriss v. Starr,* 165 N. C., 657, 81 S. E., 929. See, also, *Barbee v. Barbee,* 108 N. C., 581, 13 S. E., 215.

For the error, as indicated, a new trial must be awarded; and it is so ordered.

New trial.