^’’ATLOH, Judge.
 

 It is in proof that the plaintiff resided in . ,i> us * ol tie irtcs'ate in the rears 1796, 1798, 1799 and 1300; 0 a', he labor- d in these v< ats as a blacksmith for the in-tonate, and in other employ mente. That in 1800, he proved brim-e a magiseate the a. count for that year, and two other accounts besides ; which Liter are not shewn. The administrator paid off the account fur 1800, art! took a receipt for it. 1 he act oi iiituUiions is pleaded. This action commenced in Fe-
 
 *395
 

 bmzry, 1802.
 
 Three years elapsed before commencement of the action upon the accounts of 1796 and 1798- la the account of 1800, credits are given for advancements made by the inter»» tace. The accou nts for 1796 and 1798, arc barred, unless the jury think from the evidence, that the accnuot was a current one through all these years. If it was, then the act of limitations will only run from the last article in the account current: If the intestate continued to make payments, and advances all through these years, without ever coming to a. set< lament and liquidating the account, it is an account current: but if the account was 11» quidated in the time, and a balance stru.k, it then ceased to bo current, and the three years must be computed from that lime.
 

 Verdict ior the plaintiff, and judgment»