Daniel, Judge,
 

 after stating the case as above, proceeded : — It has been decided, that if there be mutual running accounts
 
 on each side,
 
 then a new item in either account, within three years, may take the whole account,
 
 *323
 
 on both sides, out of the statute; each party in that case, being considered as having suspended the application for payment, on his side, of the demand, in faith of the mutual dealings. 1 Chitty’s Prac. 777.
 
 Catling
 
 v.
 
 Skoulding,
 
 6 Term Rep. 189. Peake’s Rep. 121. 2 Saund. Rep. 125, 127, notes 6 and 7. But it seems to us, that the true principle to be extracted from these decisions, applies only in those cases, where these items are clearly parts of one continuing, mutual account, which, by the assent of the parties, are to be charged therein, whenever the same shall be adjusted. This assent may be shown by direct evidence of an agreement to that effect. It may be inferred also, when each party keeps a running account of the debits and credits of the account; or where one only, with the knowledge and concurrence of the other, is confided in to keep the account of all the mutual dealings. In these cases, the new items are evidence affirming the continuance of an unsettled account at that time, and warranting the fair presumption of a promise to settle it, and to pay the balance, which may ,be ascertained on settlement. The whole of the reciprocal demands, comprehended in such running accounts, are thereby taken out of the statute; the account is not to be split; but what shall be found upon all the items to be the balance, is the true debt between
 
 the
 
 parties. That the mere fact of the existence of disconnected and opposing demands between two parties, one of which demands is of recent date, shall take the case out of the operation of the statute; shall be evidence of a promise to pay that other, or to allow it in a settlement, is, in our opinion, not an inference of law or of reason, although some adjudications, and several loose dicta, appear to sanction it. It would operate in practice to deprive a party of the privilege to oppose two defences to a claim which he denies — set-off, and the statute of limitations. The case before us, does not state any evidence of an account-current between the parties, unless such an account is necessarily to be implied, from the fact of opposing demands. It does not appear that the payment by defendant’s testator, to the creditor of the plaintiff, of the sum of three hundred and thirty-two dollars, was intended
 
 *324
 
 to be on account of, or in part payment of the plaintiff’s demand. It was apparently wholly disconnected therewith. The defendant offered it merely as a set-off. If it had been in part payment, it would have taken the case out of the statute; it would have been a substantial admission of a continuing liability.
 
 Burleigh
 
 v.
 
 Stott,
 
 8 Barn. & Cres. 36; 15 Eng. Com. Law Rep. 151.
 

 This Court being of opinion, from the ease stated, that there were not mutual, open running accounts between the parties, so as to bring the case within the rule supposed by the Judge; a new trial must be granted.
 

 Per Curiam. Judgment reversed.