HENRY D. ROBERTSON v. JOHN F. PICKERELL.

*Statute of Limitations.*

The statute of limitations begins to run from the time that the cause of action accrues; *Therefore*, where the plaintiff made a contract with the defendant to do certain work which was "to be measured, estimated and paid for monthly;" *Held*, that the statute began to run at the end of each month.

CIVIL ACTION, tried at Spring Term, 1877, of HALIFAX Superior Court, before *Buxton, J.*

The defendant contracted to build the Williamston and Tarboro Railroad, and employed the plaintiff, who performed labor and furnished materials in the construction of the same under a contract with the defendant. This action was brought on the 4th of October, 1873, to recover the amount due, and was referred to Thos. N. Hill, Esq., who submitted a report deciding the issues in favor of the plaintiff and giving judgment for the sum demanded: The Referee stated among other things, that no evidence of the amount and price of work done each month by the plaintiff was submitted to him, except the estimate for February 1, 1870, calling for $1103.36, and the estimate for July 1, 1870, calling for $1696.57. As conclusions of law he found that the plea of the statute of limitations was not available as a defence to this action, inasmuch as the contract between the parties was entire, and that the statute began to run only from the time the work was completed, which was January 1, 1871.

To this report the defendant filed several exceptions, but relied on the third and fourth, to wit; 3. For that the Referee finds as a conclusion of law that said alleged contract was entire, and not divisible, whereas the evidence was that the work was to be measured, estimated and paid for month-

ROBERTSON *v.* PICKERELL.

ly.; 4. For that the Referee finds that the plaintiff is not barred by the statute of limitations.

His Honor overruled the exceptions and sustained the report. Judgment. Appeal by defendant.

*Messrs. Mullen & Moore* and *Walter Clark*, for plaintiff.
*Messrs. Conigland & Burton, Moore & Gatling*, and *J. B. Batchelor*, for defendant.

READE J. It is settled that where there is a running account, all on one side, the statute of limitations begins to run on each item from its date; but where there are mutual accounts, the statute begins to run only from the last dealing between the parties. In regard to other matters the rule is, that the statute begins to run from the time when the cause of action accrued.

We are of the opinion that in this case a cause of action accrued to the plaintiff at the end of each month for the amount due for that month, and that three years from that date it was barred.

It follows that only such amount is now due the plaintiff, as accrued within three years immediately preceding the commencement of the action.

We have no data by which to fix the amount, else we would enter judgment here. We must therefore declare that there is error, and remand the case to be proceeded in as the parties may be advised.

PER CURIAM.                    Reversed and remanded.