## J. M. STOKES v. HENRY TAYLOR.

*Pleading—Account—Contract—Amendment—Statute of Limitations.*

1. The common law rule, that every pleading should be construed against the pleader, is reversed by the present code system, which requires that all pleadings shall be liberally construed with a view of substantial justice between the parties.

2. If the facts which constitute the alleged cause of action are stated substantially in the complaint, or can be reasonably inferred therefrom, but the pleading is defective in matter of form, the proper remedy is by a motion, before trial, to require the pleader to make the necessary amendment. The objection will not be sustained if made by demurrer or upon exception to evidence.

3. Where the plaintiff alleged a contract to pay for services performed, and, upon the trial, failed to prove a special contract, but did prove the performance of the services and their value: *Held,* that he was entitled to recover upon *quantum meruit* without amending the complaint.

4. In order to constitute a mutual running account, there must be an understanding· or agreement between the parties, express or implied, from the nature of the dealings, that the items of an account shall be applied as payments upon the others. Mere disconnected and opposing demands are not sufficient.

5. The statute of limitations begins to run from the date of the last item of the account.

This was a CIVIL ACTION, tried before *Armfield, J.,* at Spring Term, 1889, WATAUGA Supreme Court. The facts are stated in the opinion. There was judgment for plaintiff, from which defendant appealed.

*Mr. J. B. Batchelor,* and *Messrs. Bingham & Caldwell,* for plaintiff (by brief).

*Mr. Geo. V. Strong, Mr. J. F. Morphew,* and *Messrs. Linney & Bower* (by brief), for defendant.

CLARK, J.: The allegation of the complaint is that the defendant is justly indebted to the plaintiff $1,440 " for services performed as clerk in defendant's store, from 1st of April, 1878, to 1st of April, 1884, at $20 per month, subject to a credit of $140, which plaintiff is indebted to defendant by book account." The answer denies the allegation of the complaint and pleads also the statute of limitations.

On the trial, the plaintiff testified that, in the spring of 1878, he entered the service of defendant for an indefinite period of time, with the understanding that he was to be paid whatever his services were worth, and, with that understanding, remained with the defendant about six years, and that his services were worth $20 a month. To this evidence defendant objected, on the ground that the complaint set forth a special contract for six years' service at $20 per month, and plaintiff should not be allowed to prove as upon a *quantum meruit*, or an implied contract.

Evidence admitted, and defendant excepted.

The Court instructed the jury, that, upon the complaint, plaintiff would be allowed to prove either a special or implied contract, and he could recover on either if the evidence justified it, and plaintiff was not restricted to proof of a special contract.

Under the common law rules of pleading, the requirement of accuracy and precision was often pushed to the extreme. There have been cases where the rights of litigants were determined, not on the merits of the controversy, but on such technicalities as the pleader having, unfortunately, used the word "had," in the past tense, instead of "have," in the present tense. Even in the modern reports of Meeson and Welsby, instances of almost equal absurdity and refinement are to be found. These ideas were entirely abrogated in this country by the Codes of Civil Procedure wherever adopted. In England, after a series of improvements, beginning in 1834, when the celebrated "Rules of

Hilary Term" were adopted, the British Parliament has swept them out of the English law, and has introduced the substance of the American Reformed Civil Procedure. Pomeroy Civil Remedies, § 509. The rule of the common law was that every pleading should be construed strongly against the pleader. The Code system is just the reverse. "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties." The Code, § 260.

In the dissenting opinion of the very learned late Chief Justice, in Jones v. Mial, 79 N. C., 167, he lays down the proposition that technical distinctions obtaining under the former system of pleading and practice, between declarations on special contracts and on the common counts in assumpsit, are abolished by the "more rational and simple system of the present Code," and that when "the essential facts are contained in the pleadings, whether the remedy is on the special contract or on the common counts, it ought not to be denied" On a rehearing, this view was sustained by a unanimous Court, DILLARD, J., delivering the opinion. The Court held that the plaintiff, having alleg d the facts and asked recovery on a special contract, could recover on a quantum meruit without amending his complaint.

In Sussdorf v. Schmidt, 55 N. Y., 319, the complaint alleged an agreed compensation for services, but, at the trial, plaintiff was permitted to prove as upon a quantum meruit. This was held no error, or, at most, an immaterial variance. To the same effect are numerous other decisions in the States where the Code system prevails.

It is true that a plaintiff cannot abandon the averments in his complaint and recover upon a different state of facts, unless amendment is allowed. Grant v. Burgwyn, 88 N. C., 95.

In Shelton v. Davis, 69 N. C., 324, PEARSON, C. J., says that, while a plaintiff "can sue for a horse and recover a cow," it

is necessary that the plaintiff obtain.an amendment, which the Court can always allow. except when "it would substantially change the claim or defence." To same effect are *Oates* v. *Kendall*, 67 N. C., 241; *Bullard* v. *Johnson*, 65 N. C., 436.

The true doctrine to be gathered from all the cases is that, if the substantial facts which constitute a course of action are stated in the complaint, or can be inferred therefrom by reasonable intendment, though the allegations are imperfect, incomplete and defective, and such insufficiency pertains rather to the form than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial (as was asked in this case), but by a motion, before the trial, to make the averments more definite by amendment. Pom. Civil Rem., § 549; *The Code*, § 261; *Moore* v. *Edmiston*, 70 N. C., 510

We have seen, however, in *Jones* v. *Mial* and *Sussdorf* v. *Schmidt*, *supra*, that, where the allegation is of an express contract, proof as upon a *quantum meruit* was allowable upon the facts in those cases without amendment, it being an immaterial variance. The pleadings in the present case come, however, rather within the rule laid down by MERRIMON, J., in *Lewis* v. *Railroad*, 95 N. C., 179, for the "facts are so broadly stated that the plaintiff can recover either upon the special contract or upon a *quantum meruit*."

*Second Exception.*—The plaintiff introduced evidence tending to show that after he quitted the service of the defendant, he continued to get merchandise from defendant, which was charged to his account, as had been done during his service with defendant, which articles of merchandise, or some of them, were bought and charged within three years of the bringing of this action. It further appeared that no settlement had been made between the plaintiff and the defendant during the six years' service or thereafter, and plaintiff offered evidence tending to. show that he and defendant had, at different times, talked of a settlement,

and that during said period he had continued to get goods from defendant upon his account, with the understanding, upon the part of the plaintiff, that said account for goods was to be adjusted in a final settlement between the parties; that during the six years' service the plaintiff had taken up, in the defendant's store, merchandise, amounting, with a few articles purchased after the six years, to the sum of $140, and that, from time to time, during the six years, continuously, the plaintiff was charged upon the books of defendant with goods bought as aforesaid; that all such time the account of the plaintiff remained unsettled, and no part of the compensation that plaintiff claims for services was paid or adjusted, and all the time plaintiff expected that his account with defendant, for goods bought, was to go as a part payment for his services, and further, that the goods bought from defendant and charged to plaintiff's account, after term of services had expired, and within three years of the bringing of this suit, were bought with the understanding, on the part of the plaintiff, that they were to be applied in part payment of plaintiff's claim for services; plaintiff, among other things, testified that defendant, on one occasion, after the six years had expired, offered to let plaintiff have a horse upon a note which the plaintiff then held against defendant for services rendered prior to the beginning of the six years' service, which horse defendant desired to go as a credit upon the (plaintiff's) claim for services rendered during the six years.

The defendant's counsel asked the following special instruction at the close of the evidence, to-wit:

"That in this case, from all evidence, the plaintiff's cause of action is barred by the statute of limitations, and the plaintiff cannot recover." The Court declined to give this instruction, but gave the following instructions: "That the complaint might be interpreted to mean an action brought on a special contract, or an implied contract; that

in either case, the law as to the statute of limitations is the same; that where one agrees to perform services without any limit as to the period of time he is to be employed, and the services continue for a number of years, the cause of action accrues at the end of each year, and the whole claim of plaintiff is barred in this case by the statute of limitations, unless there was a mutual account between the parties, kept by either of them, having reference to each other, the last item of which must be within three years of the bringing of this action. If you so find, then none of this claim is barred. This mutual account need not be in writing, but might be scored on a wall, or marked on a stick, or kept in mind, provided it consisted of various items of work and labor, or of goods sold and delivered."

To the refusal of the Judge to give the special instruction asked, and, also, the instruction given, the defendant's counsel excepted.

Unless there was a mutual running account with some item in it within three years before suit was brought, plaintiff's claim is barred. *The Code,* § 160; *Robertson* v. *Pickrell,* 77 N. C., 302.

The mere fact of the existence of disconnected and opposing demands between two parties does not create a " mutual account." There must be an assent of both parties that the items of the one account are to be applied to the liquidation of the other. The understanding of the plaintiff alone would not be sufficient. The principle is that when there is an express agreement to that effect, or an implied agreement from the nature of the dealings and transactions between the parties, the items of the one account are partial payments upon the other, and the statute of limitations begins to run only from the last item. Such an agreement may be inferred when one party, with the knowledge of the other, keeps an account of the debits and credits. *Green*

v. *Caldcleugh*, 1 D. & B., 321; *Hussey* v. *Burgwyn*, 6 Jones, 385; *Maumey* v. *Coit*, 86, N. C., 463.

Whether or not there is any evidence is a question of law. If there is any evidence, its sufficiency is for the jury. We think there was evidence tending to show that there was a mutual running account between the parties, the last item of which was within three years before suit was brought. It was not error in his Honor to refuse the instruction prayed, and the matter should have been submitted to the jury under proper instructions as to what constituted a "mutual account."

The instruction sent up is defective in that particular. But the assignment of error is not for any erroneous or insufficient charge as to what would constitute a "mutual account." The error assigned is for refusal to give the instruction asked and for the substituted instruction given on that aspect of the case. We are to presume that the charge, in all other respects, was satisfactory to the defendant, and that the Judge only sent up that part of it to which error was assigned.

Affirmed.