## J. W. HOLLINGSWORTH v. W. H. ALLEN.

(Filed 11 December, 1918.)

**Limitation of Actions — Mutual Accounts — Reciprocal Credits — Store Accounts.**

> To constitute a mutual account, so that the last item of charge thereon will repel the bar of the statute of limitation, it must be reciprocal as to the credit extended, so as to imply a promise to pay the balance due, upon whichever side it may fall; and an extension of credit upon the one side alone falls neither within the intent and meaning of our decisions nor the statute applicable. Revisal, sec. 375.

ACTION, tried before *Cline, J.*, and a jury, at July Term, 1918, of CATAWBA.

The action is to recover on an alleged open and running account, extending through the years 1906–13, and showing a balance due on statement rendered of $286.95, for which suit is brought.

There was evidence on the part of plaintiff that he, in the years covered by the account, resided and did business in Franklin County, where defendant also resided, and during said years he sold and supplied to defendant the goods charged to him and the balance due, after deducting payments thereon, also entered on the account, amounted to $286.95, as stated. The statement and evidence shows that the bulk of the account accrued in 1912 and the years before that, most of it before. The items of charge insisted on in 1913 are one box of oranges of date 21 November, 1913, and two boxes of 24 December, 1913, one of which was returned. It further appeared that plaintiff instituted action on the account against defendant in Franklin County in October, 1916; that the same pended in said county till February Term, 1917, when a nonsuit was taken, and plaintiff having in the meantime moved to Catawba County commenced present suit in the latter county in July, 1917.

There was denial of the account and plea of the statute of limitation, and on issues submitted, the jury rendered the following verdict:

1. Is plaintiff's right of action barred by the statute of limitations? Answer: "No."

2. In what sum is defendant indebted to plaintiff? Answer: "$285.95."

Judgment on the verdict, and defendant excepted and appealed.

*W. C. Feimster for plaintiff.*
*W. A. Self and W. H. Yarborough for defendant.*

HOKE, J. There has been no payment on this account within three years prior to the institution of the original suit, the return of the box

of oranges and the evidence relating thereto showing merely that these were not received or purchased by defendant, and the statute of limitations having been plead, a recovery for the entire amount has been obtained on the theory that this was a running and mutual account between the parties, and that the entire claim is saved from the operation of the statute by reason of the fact that the last item, a box of oranges, was on 24 December, 1913, and within the three years next before suit brought.

In that aspect of the case, the charge of his Honor on the first issue was as follows: "If you find by the greater weight of the evidence that there was a running account, store account, between this plaintiff, J. W. Hollingsworth, and the defendant, W. H. Allen, down at Louisburg, that Mr. Allen bought goods, fruits and groceries, and things of that sort, from time to time from Mr. Hollingsworth on credit, and items are charged to him, and that now and then he made payments to the plaintiff and in that way there was a running account from year to year between them; if you find that, and if you further find from the greater weight of the evidence there was actual sale of a box of oranges to Mr. Allen under this running account on 24 December, 1913, and then you should further find that the suit in Franklin County on this account was begun in October, 1916, and you should then find that it was less than three years since the last item of the running account, the court instructs you the action would not be barred by the statute of limitations, and you would answer the first issue 'No.' If you fail to find it was not barred, you will answer this issue 'Yes.' "

A running and mutual account within the meaning of these issues is one growing out of reciprocal dealings between the parties in which each extends credit to the other and with the understanding, express or implied, that, on adjustment had, the items supplied and charged shall be allowed as proper credits.

A very satisfactory, and we think a correct, definition of mutual accounts is given in 21 A. E. Enc. (2d Ed.), p. 244, as follows: "A mutual account is a course of dealing where each party furnishes credit to the other on the reliance that, upon settlement, the accounts will be allowed so that one will reduce the balance due the other."

The principle embodied in this statement is upheld with us in *Green v. Caldcleugh,* 18 N. C., 320-322, where *Daniel, J.,* discussing the subject, said: "It has been decided that if there be mutual running accounts on each side, then a new item, in either account, within three years may take the whole account, on both sides, out of the statute." And the position is again affirmed, in substance, in *Stokes v. Taylor,* 104 N. C., 394, where it was held: "That in order to constitute a running account, there must be an understanding or agreement between the

parties, express or implied, from the nature of the dealings, that the items of an account shall be applied as payments upon the others. Mere disconnected and opposing demands are not sufficient."

The case of *Mauney v. Coit,* 86 N. C., 464, is not opposed, but in illustration of the position, and the principle is very generally approved by well-considered decisions and text-writers on the subject. *Norton v. Larco,* 30 Cal., 127; *Hodge v. Manly,* 25 Vt., 210; *Pengra v. Wheeler,* 24 Ore., 532; 1 R. C. L., 205; 1 Cyc., 363. And in accounts of this character, whether the same are kept by both of the parties or by one, with the knowledge and assent of the other, it is well understood that the balance due is the proper amount of the claim, and, for the purposes of the statute of limitations, the cause of action takes its rise from the date of the last item.

A very correct statement of the position appears in our statute on the subject, Revisal, sec. 376, as follows: "In an action brought to recover a balance due upon a mutual, open and current account, when there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the latest item proved in the account on either side." Under the authorities referred to, however, and many others could be cited, such a principle does not apply to a case of opposing but unrelated demands between the parties, nor to an ordinary store account, though open and continued, where the credit is all on one side and the only items of discharge consist in payments on account. In this last case, unless there has been a payment within the statutory period or some binding recognition of the account within such time, the statute runs from the date of each item. And the charge of his Honor, which, on the record, as we understand it, extends the principle applicable, in case of mutual accounts, to an ordinary store account, must be held for error.

This will be certified that a new trial be had, and if the facts are as now presented, recovery can only be had for the items of account within the statutory period.

New trial.