SANGER & JORDAN (a Corporation), Appellant, *v.* WILLIAM CARY DUNCAN, Respondent.

First Department, April 1, 1921.

Limitation of actions — commencement of action — service of summons of Municipal Court of City of New York not signed by clerk is not equivalent to commencement of action — mutual current account — promissory note on which plaintiff has given defendant credit does not amount to current account.

The issuance of a summons in the Municipal Court of the City of New York, which is not signed by the clerk, as required by section 18 of the Municipal Court Code, but by plaintiff's attorney, is not equivalent to the commencement of an action, within the meaning of said section, and does not save a cause of action from the operation of the Statute of Limitations, where it is not served till after the expiration of the time limited.

Section 399 of the Code of Civil Procedure, providing in effect that the delivery of a summons to the sheriff with the intent that it shall be served is equivalent to the commencement of the action and will save the cause from the operation of the statute if the summons is served within sixty days thereafter, is not applicable to this case by virtue of section 15 of the Municipal Court Code, providing for the application in that court of the rules, etc., as to practice and pleadings which exist in the Supreme Court.

An open, mutual, current account was not shown to exist within the provisions of section 386 of the Code of Civil Procedure in an action on a promissory note because of a credit given by the plaintiff to the defendant for certain moneys collected by the plaintiff in defendant's behalf; there must be reciprocal demands or payments made in such a way as to indicate a recognition of the liability. . .

APPEAL by the plaintiff, Sanger & Jordan, from an order and determination of the Appellate Term of the Supreme Court, First Judicial Department, entered in the office of the clerk of the county of New York on the 25th day of May, 1920, affirming, by a divided court, a judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of the plaintiff, and also from the judgment of said Municipal Court of the City of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 12th day of May, 1919.

*Thomas Kelby* of counsel [*Ralph Underhill,* attorney], for the appellant.

*Arthur F. Driscoll* of counsel [*O'Brien, Malevinsky & Driscoll,* attorneys], for the respondent.

SMITH, J.:

The defendant appointed the plaintiff as his agent to license certain dramatic plays and to receive royalties therefrom and to pay the same to the defendant, less its commissions. On the day of the contract defendant borrowed of the plaintiff the sum of $750 for which he gave his promissory note on January 24, 1913, payable on demand to his own order and indorsed by him. This action was brought upon the note and for a balance due upon the account. It has recovered for the balance due upon the account but the defendant was successful in the Municipal Court in defending the action upon the note under the Statute of Limitations.

The question arises under section 18 of the Municipal Court Code (Laws of 1915, chap. 279), providing that an action must be commenced by the service of a summons or by the voluntary joinder of issue by the parties, and, continuing: " But for the purpose of saving a cause of action from the operation of the Statute of Limitations an attempt to commence an action is equivalent to the commencement thereof when the summons is issued by the clerk, provided that actual service thereof is made with due diligence." Ordinarily, under section 19 of that Code a summons may be issued by the clerk or by the plaintiff's attorney. It will be noticed, however, that this provision as to saving an action from the Statute of Limitations

requires the summons to be issued by the clerk. Under section 15 of the Municipal Court Code it is provided: " Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

In this case the summons was not signed by the clerk of the Municipal Court, but was signed simply by the plaintiff's attorney. It was not served within six years and if section 18 of the Municipal Court Code controls, then the action was barred as far as the action is upon the note. It is claimed, however, that the plaintiff has the right to rely upon the general practice in the Supreme Court where the summons may be issued under section 399 of the Code of Civil Procedure, and the delivery of the summons with the intent that it should be served to the sheriff saves the statute if the summons be served within sixty days thereafter. It seems to me clear that plaintiff cannot avail himself of section 399, because it is only where the Municipal Court Code does not prescribe the practice that a plaintiff may rely upon the general practice in the Supreme Court to find his remedy. In this case specific provision is made by section 18 of the Municipal Court Code for the saving of the statute, by the issuance of the summons by the clerk of the Municipal Court. Section 399 of the Code of Civil Procedure, therefore, did not apply and the decision was right.

There is one further question raised. It is claimed that this was a mutual, open and current account within the provisions of section 386 of the Code of Civil Procedure, whereby the statute runs only from the last item upon either side. Certain royalties were collected by the plaintiff for which the defendant was given credit in 1915. These amounted to about twelve dollars and some cents. The plaintiff claims that this credit creates a mutual, open and current account. But where any liability has been reduced to a note, it is not still an open account, and there must be reciprocal demands or payments made in such a way as to indicate a recognition of the liability. Here was simply a credit by the plaintiff

to the defendant of this twelve dollars and some cents for royalties collected. This was not a payment by the defendant, nor does it create an open current mutual account with reciprocal demands, such as would take the action upon the note out of the Statute of Limitations.

The determination, therefore, should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Determination affirmed, with costs.