### McKINNIE BROTHERS COMPANY v. WILLIE F. WESTER.

(Filed 5 November, 1924.)

**Limitation of Actions—Mutual Accounts—Directing Verdict—Evidence.**

> To bar an action to recover for goods sold and delivered under the provisions of C. S., 421, the two accounts must be mutual or reciprocal, open or continuous, and current, or no time limit fixed by agreement, express or implied, with the balance to be determined by an adjustment of credit and debit; and when there is conflicting evidence as to whether the item sued on was so related to other items upon which the defendant relied it is reversible error for the judge to direct a verdict thereon if the jury believe the evidence.

APPEAL by defendant from *Grady, J.,* at February Term, 1924, of FRANKLIN.

The jury answered the issues submitted to them as follows:

1. In what amount, if any, is defendant indebted to plaintiffs? Answer: $105 with interest.

2. Is plaintiff's cause of action barred by the statute of limitations? Answer: No.

From judgment in favor of plaintiff and against defendant for $105 with interest from 25 November, 1919, defendant appealed. Defendant's only exception is to the instruction of the Court upon the second issue.

*S. A. Newell for plaintiffs.*
*Ben T. Holden and Edward F. Griffin for defendant.*

CONNOR, J. The court instructed the jury as follows: "If you believe all the evidence you will answer the second issue 'No.'"

On 25 November, 1919, plaintiff and defendant exchanged wagons, defendant agreeing to pay "boot money." There was a controversy between the parties, at the trial, as to the amount to be paid, but the jury has found that defendant agreed to pay $105, as contended by plaintiffs. Defendant testified and contended that the jury should find, from the evidence, that he paid the "boot money," the next day after

the trade, in accordance with the agreement, but the jury has found that defendant has not paid this money and that he is still indebted to plaintiffs in the sum of $105, and judgment has been rendered against defendant for this sum, with interest from the date of the trade.

On 13 July, 1920, plaintiff sold to defendant two trucks and charged defendant, on their books, $30, the purchase price of the trucks. On 10 November, 1920, plaintiff credited defendant with $30, which defendant contends he paid by check, on which were written the words "for trucks." Defendant contends that this sum was paid for the trucks and not on an account.

On 15 March, 1921, defendant bought of plaintiffs four barrels of flour for $43, and on said date paid this sum to plaintiffs, who credited defendant on their books, with same. On 17 March, 1921, the flour was delivered to defendant, and a debit for $43 "to 4 bbls. flour" was entered on plaintiff's books, thus balancing the credit item for this sum, leaving a balance of $105, the sum charged defendant on 25 November, 1919, "difference in wagon trade." These were the only transactions between plaintiffs and defendant from 25 November, 1919, to the date of the summons in this action, to wit, 11 June, 1923.

Plaintiffs contend that these transactions, entered on their books, show a course of dealing which constitutes a mutual, open and current account, and that by C. S., 421, the cause of action upon the balance due accrued at the date of the last item, to wit, 17 March, 1921, and is therefore not barred by the statute of limitations: C. S., 441 (1).

Defendant contends that these transactions were separate and distinct, each being unrelated to and disconnected from the others; that the cause of action upon the amount due for "difference in the wagon trade," to wit, $105, accrued on 25 November, 1919, and was therefore barred by the three years statute of limitations on 11 June, 1923, the date of the summons.

Defendants testified that on the date of the wagon trade, he told Mr. McKinnie that he had the money at home, and would bring it to him the next day—that he did so—and that when he paid the money to Mr. McKinnie the latter told him that no receipt was necessary as it was a cash transaction. Defendant further testified that all his transactions with plaintiff were on a cash basis. Each credit in the statement offered in evidence by plaintiffs, which is a copy from their books, is for the exact amount of a debit item, and the balance due is the exact amount charged on 25 November, 1919, as amount due for "boot money."

There is evidence sustaining the contentions of plaintiffs; there is evidence sustaining the contention of defendant. There is error in the instruction to the jury that if they believed all the evidence, they should answer the second issue "No."

This Court has defined in *Hollingsworth v. Allen,* 176 N. C., 629, a "mutual, open and current account," within the meaning of C. S., 421. It is only where there is an understanding or agreement, express or implied, from the nature of the dealings between the parties, that the items of an account shall be applied as payments upon other items, arising out of transactions that are related to each other and not disconnected, that the cause of action, for the balance due, accrues at the date of the last item. The account must be *mutual*—that is, involving reciprocal rights and liabilities; *open*—that is, contemplate further dealings between the parties; and *current*—that is, running with no time limitations fixed by agreement, express or implied, with the balance to be determined by an adjustment of credit and debit items; C. S., 421, applies only to such an account.

There must be a

New trial.