I. M. L. BROCK v. J. R. FRANCK.

(Filed 12 October, 1927.)

**Limitation of Actions—Mutual Running Accounts—Debtor and Creditor.**

A mutual running account between the parties so as to bring it within the terms of our statute, barring an action by one of the parties against the other three years after the last transaction between them, C. S., 421, finds no application when there is only an extension of credit for merchandise sold by one of them to the other on open account and payment thereon by the other, and the statute, as a matter of law under the facts, will begin to run from the date of each purchase as to the item itself, unless the bar has been repelled in some recognized legal manner.

APPEAL by plaintiff from *Sinclair, J.,* and a jury, at March Term, 1927, of ONSLOW. New trial.

The material facts will be set forth in the opinion.

*Summersill & Summersill and D. L. Ward for plaintiff.*
*Dawson & Jones and Shaw & Jones for defendant.*

CLARKSON, J. The plaintiff brings this action against defendant to recover $850.45, balance due, and alleges "that the entire account owed by this defendant is an *open and running account."*

The defendant pleads the statute of limitations, as follows: "That any items of indebtedness due or alleged to be due, which this defend-

ant denies, were procured prior to three years before the institution of this action, and this defendant specifically pleads the three-year statute of limitations in complete bar of the plaintiff's right to recover on such accounts."

This action was commenced by the summons being issued on 24 May, 1926, and served on defendant on 29 May, 1926. The testimony of plaintiff shows that he is engaged in farming and merchandising; that the defendant traded with him on a credit basis during the year 1919, and owed him on 1 January, 1920, $654.41; also in 1921, and that year left a balance of $137.39; also in 1922, and that year left a balance of $153.85, and other amounts, making a total of $850.45. Plaintiff further testified that the account goes through the spring of 1923, and is a continuing account all the way through; the last credit is for seed $7.10 paid September, 1923; $245.00 was paid by defendant on 24 June, 1924, and after giving defendant all credits he owes $850.45.

Whether or not there is any evidence is a question of law. If there is any evidence, its weight is for the jury. We do not think there was any evidence tending to show a *mutual,* open and current account. In fact, plaintiff alleges the account is an *open and running account.* Where there are *mutual* accounts, the three-year statute runs from the last dealing between the parties. C. S., 421; *Robertson v. Pickerell,* 77 N. C., 302; *Stokes v. Taylor,* 104 N. C., 394.

C. S., 421, is as follows: "In an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action accrues from the time of the latest item proved in the account on either side."

In construing this statute *Hoke, J.,* in *Hollingsworth v. Allen,* 176 N. C., at p. 631, says: "Under the authorities referred to, however, and many others could be cited, such a principle does not apply to a case of opposing but unrelated demands between the parties, nor to an ordinary store account, though open and continued, where the credit is all on one side and the only items of discharge consist in payments on account. In this last case, unless there has been a payment within the statutory period or some binding recognition of the account within such time, the statute runs from the date of each item. And the charge of his Honor, which, on the record, as we understand it, extends the principle applicable, in case of mutual accounts, to an ordinary store account, must be held for error." *McKinnie v. Wester,* 188 N. C., p. 514.

In 39 A. L. R., p. 372-n, it is said: "The rule stated in the annotation in 1 A. L. R., 1068, as supported by the weight of authority, that an account consisting of charges on one side and payments on the other is not a mutual account, is adhered to in the following cases: *Carter v.*

*Canty* (1919), 181 Cal., 749, 186 Pac., 346; *Furlow Pressed Brick Co.
v. Balboe Land and Water Co.* (1921), 186 Cal., 754, 200 Pac., 625;
*Shuler v. Corl* (1918), 39 Cal. App., 195, 178 Pac., 535; *Baze v. Hearn*
(1925) .... Ga. App., ...., 127 S. E., 479; *Crump v. Sefton* (1918), 172
N. Y. Supp., 338; *Sanger & Jordan v. Duncan* (1921), 196 App. Div.,
55, 187 N. Y. Supp., 604; *Hollingsworth v. Allen* (1918), 176 N. C.,
629, 97 S. E., 625; *Sharp v. Miller* (1923), 94 Okla., 217, 221 Pac.,
747; *Dillard v. Dugger Grocery Co.* (1921), .... Tex. Civ. App., ...., 232
S. W., 360. Thus, an ordinary store account, consisting of charges on
one side and payments on the other, is not a mutual account. *Hollings-
worth v. Allen* (1918), 176 N. C., 629, 97 S. E., 625."

The rule adopted in this jurisdiction is well stated in the above quo-
tations from A. L. R.

Defendant preserved his rights by duly excepting and assigning errors.
The other questions are not necessary to be determined.

For the reasons given there must be a

New trial.