JONATHAN PHILLIPS v. G. N. PENLAND, EXECUTOR.

(Filed 2 January, 1929.)

1. **Account, Action On—Nature of Mutual, Open, and Current Account— Running Account—Contracts—Services Rendered.**

    An indefinite promise to pay intermittently from time to time for such services as may be rendered by one party to another is not a mutual, open, and current account with reciprocal demands between the parties within the perview of C. S., 421.

2. **Executors and Administrators—Allowance and Payment of Claims— Claims for Services Rendered Decedent—Limitation of Actions.**

    Under an agreement with decedent to pay for services to be irregularly rendered from time to time as needed without a definite time fixed for payment, but under a general promise to pay for them, in an action against the administrator of the deceased promissor for the value of such services: *Held*, a payment made by the deceased in 1925, intended by him to be made upon the debt, will have the effect of reviving the claim against the statute of limitations only for the three years next preceding his death in 1926, subject to the credit of the payment so made.

CIVIL ACTION, before *MacRae, Special Judge,* at April Term, 1928, of MACON.

H. P. Penland died about October, 1926, and the defendant was duly appointed executor of the estate of said deceased on 12 November, 1926.

The plaintiff alleged that in 1916, the deceased suffered an injury, and as a result thereof was unable to look after her farm, and that said deceased employed the plaintiff to wait upon her and to look after her farm with the understanding and agreement that he should be paid

for his services. The plaintiff and the deceased were brother and sister. The evidence tended to show that the plaintiff rendered services to the deceased in building a tenant house, hauling wood, covering a crib, and otherwise taking care of the deceased and managing her farm.

The nature of the contract between the parties was thus described by a witness: "I heard her (deceased) say a number of times if he would take care of things and see to them, that they could not themselves, they were unable to—that he would be well paid for it." There was further testimony to the effect that in 1919 the plaintiff bought a cotton planter from the deceased, agreeing to pay therefor the sum of $25.00, that he paid $15.00 and the deceased allowed the balance of $10.00 as a credit on the account for services. In 1921 there was a payment of $3.00 made by the deceased to the plaintiff, and in 1925 a payment of $40.00. The circumstances under which these payments were made do not appear.

The defendant denied that the plaintiff had performed services for his testatrix, and also pleaded the statute of limitations.

Two issues were submitted involving the value of plaintiff's services and the statute of limitations. The jury answered the first issue "$1,300," and the second issue "No."

From judgment upon the verdict the defendant appealed.

*George B. Patton for plaintiff.*
*R. D. Sisk and Edwards & Leatherwood for defendant.*

BROGDEN, J. The judge charged the jury as follows: "The court charges you that if you find by the greater weight of evidence that the deceased, Mrs. Penland, in 1925, paid the sum of $40.00 to the plaintiff, and that such payment was made with the intention and understanding between them that the payment was to be credited by the plaintiff upon a running account between plaintiff and Mrs. Penland for services rendered to Mrs. Penland by the plaintiff, and that such payment was of such a nature and made in such a way as to imply in law that the debtor acknowledged the debt as still existing, and implied a promise unequivocally to pay the same, then you should answer the issue No. If you find, on the other hand, that such payment was not made in recognition to pay the balance of any existing running account, then you answer the issue Yes."

The plain effect of the foregoing instruction was to instruct the jury that if in 1925, $40.00 had been paid on a running account, then the whole account from 1916 to the death of the deceased in 1926 would constitute a valid claim, as the statute of limitations in such event would

not operate as a bar. The instruction so given the jury overlooked the distinction between a running account and a "mutual, open and current account, where there have been reciprocal demands between the parties," etc., as defined by C. S., 421. This section has been construed in many cases, notably, *Hollingsworth v. Allen,* 176 N. C., 629, 97 S. E., 625; *McKinnie Bros. v. Wester,* 188 N. C., 514, 125 S. E., 1.

What then is the effect of the payment of $40.00 made in 1925?

The contract alleged by the plaintiff contemplated indefinite and continuous services with no fixed time for payment and with no agreement as to what services should be performed or the value thereof. Hence the agreement is governed by the principle of law announced in *Miller v. Lash,* 85 N. C., 52, as follows: "We are of opinion, then, that the unexplained fact of labor performed and extending over a series of years raises no implication that payment is to be made at any fixed period, unless perhaps annually, as controlled by a prevalent custom appropriate to the kind of service and entering into the contract, when it so appears in evidence. The implied promise is to pay for services as they are rendered, and payment may be required whenever *any are rendered;* and thus the statute is silently and steadily excluding so much as is beyond the prescribed limitation." When the statute of limitations is pleaded the burden is on the plaintiff to show that his claim is still alive and valid. *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32; *Jackson v. Harvester Co.,* 188 N. C., 275, 124 S. E., 334.

The evidence discloses that no payment was made by the deceased to the plaintiff from the year 1921 until the $40.00 was paid in 1925. Thus, more than three years had elapsed between the payments. The payment of $40.00, made in 1925, nothing else appearing, had the legal effect of preventing the bar of the statute of limitations against the most precarious claim then existing, that is, the one for 1922, and of prolonging its enforceability for three years beyond the date of such payment. This principle was announced in *Hewlett v. Schenck,* 82 N. C., 234, in the following language: "So a partial payment, though the evidence need not be in writing, being *an act* and not a mere declaration revives the liability because it is deemed a recognition of it and an assumption anew of the balance due. But if at the time such payment is made the presumption arising from the unexplained fact is disproved by the attending circumstances or other sufficient evidence of a contrary intent, the payment will not have such effect." *Cone v. Hyatt,* 132 N. C., 810, 44 S. E., 678; *Supply Co. v. Dowd,* 146 N. C., 191, 59 S. E., 685; *French v. Richardson,* 167 N. C., 41, 83 S. E., 31. The result is that the payment of $40 in 1925 prevented the bar of the statute of limitations as to all claims to a corresponding date in 1922. Moreover, as the services were continuous, such payment constituted a legal

recognition of all claims within the statutory period of three years, that is from said corresponding date in 1922. Therefore, as there is no express contract, the plaintiff is entitled under the law to' recover the reasonable value of all services rendered from said date in 1922, subject, nevertheless, to credit for such amount as the deceased paid during said period of liability. *Wood v. Wood,* 186 N. C., 559, 120 S. E., 194.

New trial.