RICHLANDS SUPPLY COMPANY v. L. M. BANKS.

(Filed 1 November, 1933.)

**Limitation of Actions B a—Statute of limitations against account current runs from date of last cash payment thereon.**

The purchase of merchandise on credit, the purchaser paying a certain sum in cash on the account each fall, and the balance due on the account being carried forward into the next year and the next year's purchases being added thereto, is not a mutual, open and current account within the purview of C. S., 421, but is an account current, and as to all items purchased within three years from the last cash payment the three-year statute of limitations will begin to run from the date of the last cash payment, and in an action to recover the balance due, instituted more than three years after the last item charged, but within three years from

the last cash payment, an instruction that the whole account was barred by the statute of limitations is error. Whether the account became an account stated at the end of each year is not decided, the plaintiff having failed to make such contention.

APPEAL by plaintiff from *Moore, Special Judge,* at May-June Special Term, 1933, of ONSLOW.

Civil action to recover $595.75 with interest, alleged to be "due by account for goods, wares and merchandise sold and delivered to the defendant by the plaintiff firm."

The facts are these: The defendant, a farmer, began buying merchandise on credit at plaintiff's store the latter part of 1925. On 26 January, 1926, the account was paid in full for all items theretofore purchased.

During the remainder of the year 1926, the defendant bought at various times from plaintiff's store goods amounting to $446.75. In the fall of that year payments were made amounting to $363.75, leaving a balance of $83.00 which was brought forward by plaintiff as the first item on the 1927 account.

During the year 1927, defendant's purchases (including the balance of $83.00 brought over from the previous year) amounted to $681.02. Payments were made during the fall amounting to $581.02, leaving a balance of $100 which was brought forward by plaintiff as the first item on the 1928 account.

In 1928 the account was run to a total (including the balance of $100 brought over from the previous year) of $882.86, and payments were made during the year amounting to $452.50, leaving a balance of $430.36 which was brought forward by plaintiff as the first item in the 1929 account.

In 1929 new purchases by the defendant extended this balance to $567.80, the last debit entry against the defendant being made on 13 June, and the last credit entry shows a cash payment of $70.00 made by the defendant on 7 December, 1929.

This suit was instituted by the issuance of summons on 6 December, 1932, just three years, lacking one day, from the date of the last payment by defendant.

Upon plea of the three-year statute of limitations interposed by the defendant, there was a directed verdict against plaintiff's claim. From this ruling, the plaintiff appeals, assigning errors.

*Nere E. Day for plaintiff.*
*John D. Warlick for defendant.*

STACY, C. J. That the plaintiff's cause of action is not "to recover a balance due upon a mutual, open and current account, where there have

been reciprocal demands between the parties," etc., as contemplated by C. S., 421, may be conceded from a consideration of the decisions dealing with this section. *Brock v. Franck,* 194 N. C., 346, 139 S. E., 696; *McKinnie Bros. v. Wester,* 188 N. C., 514, 125 S. E., 1; *Hollingsworth v. Allen,* 176 N. C., 629, 97 S. E., 625; *Green v. Caldcleugh,* 18 N. C., 320.

But while the plaintiff's entire account may not be saved by the provisions of C. S., 421 from the bar of the three-year statute of limitations, it does not follow that the whole account is thereby barred. Under the principle announced in *Phillips v. Penland,* 196 N. C., 425, 147 S. E., 731, *Wood v. Wood,* 186 N. C., 559, 120 S. E., 194, *Alley v. Rogers,* 170 N. C., 538, 87 S. E., 326, and others of like import, it would seem that plaintiff is entitled to recover for all purchases made within three years next immediately preceding the cash payment of $70.00 on 7 December, 1929, less any payments by the defendant during said period. The effect of this payment on 7 December was to stop the running of the statute of limitations against all items not then barred, and to fix a new *terminus a quo* from which the statute would start to run anew. *Supply Co. v. Dowd,* 146 N. C., 191, 59 S. E., 685. The payment was an acknowledgment of the debt.

We do not understand that the account current, for such it is (*Kimboll v. Person,* 3 N. C., 394), became an account stated at the end of each year, though perhaps this might be inferred from the dealings between the parties. *Stokes v. Taylor,* 104 N. C., 394, 10 S. E., 566; *O'Hanlon Co. v. Jess,* 58 Mont., 415, 193 Pac., 65, 14 A. L. R., 237, and note. However, such is not the contention of the plaintiff, and we omit any consideration of this view of the matter. *Brown & M. Co. v. Gise,* 14 N. M., 282, 91 Pac., 716; Note 14, A. L. R., 240.

There was error in instructing the jury that plaintiff's entire claim is barred by the three-year statute of limitations.

New trial.