M. D. TEW v. LEONA HINSON, ADMINISTRATRIX OF LULA LEE, DECEASED.

(Filed 19 April, 1939.)

**Limitation of Actions § 3b—Facts held insufficient to establish mutual, open, and current accounts, and statute began to run from date of each item.**

Plaintiff instituted this action against the administratrix of deceased to recover for services rendered deceased, and it appeared that plaintiff alone kept the account of charges for such services and that he entered thereon from time to time credits for rent for decedent's land. *Held:* The facts are insufficient to establish mutual, open, and current accounts, C. S., 421, and the statute of limitations began to run against plaintiff's claims from the date of each item, but the judgment of the lower court is modified to include an item which was not denied, for taxes paid within three years prior to the death of deceased.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1938, of SAMPSON. Modified and affirmed.

Plaintiff instituted his action to recover for services rendered defendant's intestate, Lula Lee. Plaintiff filed a statement of account showing amounts charged for his services from 1924 to 1932, and for

amounts expended by him for taxes, and on this statement he credited defendant with rent of decedent's land at the rate of $80.00 per annum up to and including the year 1936.  Lula Lee died March, 1936.

Defendant pleaded the statute of limitations as to plaintiff's action, and also set up counterclaim for rent of land and for waste alleged to have been committed thereon by the plaintiff.

The court below ruled that all items charged on plaintiff's account which did not accrue within three years of the death of defendant's intestate were barred by the statute of limitations, and instructed the jury that the only item not barred was $3.20 paid by plaintiff for premiums on the burial association policy of decedent.  The court also held, and so charged the jury, that defendant was entitled to recover of plaintiff rent of the land for three years at the admitted rate of $80.00 per annum.  It also appeared on plaintiff's account that he had paid taxes on the land in October, 1933, in the sum of $21.70.  This was not denied.

The jury answered the issues in conformity with the rulings of the court, and from judgment limiting plaintiff's recovery to $3.20, and allowing defendant judgment against the plaintiff for $240.00, the plaintiff appealed.

*Butler & Butler for plaintiff.*
*P. D. Herring for defendant.*

DEVIN, J.  The appellant assigns as error the ruling of the court below that all the items in his account except one were barred by the statute of limitations.  It was admitted that the services for which claim was made were rendered, and all taxes (except one item) were paid, more than three years before the death of the intestate, but plaintiff contends that this was a mutual, open and current account between him and decedent, and that by virtue of C. S., 421, the cause of action accrued only from the last item on the account, which was a credit for rent within the three years' period.  The evidence, however, shows that plaintiff alone kept an account of his charges against the decedent for services rendered, and that he entered thereon from time to time credits for rent of land.  These facts are insufficient to invoke the rule as to mutual, open and current accounts, or to prevent the running of the statute from the date of each item.  *Supply Co. v. Banks,* 205 N. C., 343, 171 S. E., 358; *Phillips v. Penland,* 196 N. C., 425, 147 S. E., 731; *Brock v. Franck,* 194 N. C., 346, 139 S. E., 696; *McKinnie v. Wester,* 188 N. C., 514, 125 S. E., 1; *Wood v. Wood,* 186 N. C., 559, 120 S. E., 194; *Hollingsworth v. Allen,* 176 N. C., 629, 97 S. E., 625.

The court instructed the jury that the only item on plaintiff's claim not barred was one of $3.20. However, it appears that there was another item of $21.70 for taxes paid in October, 1933. This not being denied should have been allowed plaintiff.

The judgment must be modified to add to plaintiff's recovery the sum of $21.70 with interest from October, 1933. Except as hereby modified the judgment of the Superior Court is affirmed.

Modified and affirmed.