WHITLEY'S ELECTRIC SERVICE, INC. v. HENRY C. SHERROD
AND SUDIE A. SHERROD

No. 767SC667

(Filed 16 February 1977)

1. Accounts § 1— mutual, open, current account defined
    A mutual account is a course of dealing where each party furnishes credit to the other on the reliance that, upon settlement, the amounts will be allowed so that one will reduce the balance due the other; an open account results where the parties intend that the individual items of the account shall not be considered independently but as a connected series of transactions; and a current account is one with no time limitation fixed by agreement, express or implied.

2. Accounts § 1— credit by one party to account — payment by another party — no mutual, open, current account
    An ordinary store account or any other account (though open and continued) where the credit is all on one side and the payments on account are on the other is not a mutual, open and current account under G.S. 1-31.

3. Accounts § 1— account for services performed — no mutuality
    In an action on an account for services furnished by plaintiff to defendant, the account did not qualify as mutual, open and current within the meaning of G.S. 1-31 because of the absence of reciprocal demands and other characteristics of mutuality.

4. Accounts § 1— running account — characteristics
    An "account current" is referred to as a "running account" and is so designated because the parties contemplated indefinite and con-

tinuous services with no fixed time for payment and with no agreement as to what services should be performed or the value thereof.

5. **Limitation of Actions § 6— running account — payment — tolling of statute of limitations**

Where a payment is made on an account current (or running account), the effect of the payment is to stop the running of the statute of limitations against all items not then barred and to fix a new starting point from which the statute would run.

6. **Limitation of Actions § 6— action on account — statute of limitations no bar — insufficient findings of fact**

In an action on an account, the trial court's conclusion that none of the account was barred by the statute of limitations was not supported by the findings of fact.

Judge VAUGHN dissenting.

APPEAL by defendant Henry C. Sherrod from *Tillery, Judge.* Judgment entered 17 March 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 19 January 1977.

On 23 October 1973 plaintiff filed a complaint alleging that defendants owed it $18,213.80 plus interest for services furnished by plaintiff to defendants between 6 April 1968 and 10 September 1971, which amount defendants have refused to pay despite written demand by plaintiff. Defendants answered, denied the debt and pled the statute of limitations as a defense on the ground that the services rendered to defendants were pursuant to several separate construction contracts and three years have elapsed since the accrual of an action on any contract between plaintiff and defendants.

The action against defendant Sudie Sherrod was subsequently dismissed, and no appeal was taken from the dismissal.

At a trial without a jury, plaintiff's evidence tended to show that between 1958 and 1971 defendant, a building contractor, employed plaintiff to install electrical, heating and air conditioning equipment in the houses and buildings built or remodeled by defendant; that prior to each construction project plaintiff would give defendant an estimate of its costs for that job and would then contract with defendant to do the job; that plaintiff kept three ledgers, one showing amounts owed by defendant for heat and gas, one for work performed pursuant to the electrical contracts entered into between plaintiff and defendant (which amounts plaintiff labeled according to the name

or address of the building's owner) and one for services rendered to defendant personally; that plaintiff billed defendant each month for the total amount owing on all three accounts; that as of October 1967 defendant was $14,000.00 in arrears on his account with plaintiff; that defendant agreed to borrow money to pay off the debt and endorsed a $14,000.00 note payable to Branch Banking and Trust Company ("BB&T"); that plaintiff was the maker of the note and primarily liable due to its favorable credit rating with BB&T, but defendant was to pay off the note; that the $14,000.00 proceeds of the loan were applied against defendant's outstanding account by plaintiff; that as additional security for the loan defendant assigned several second mortgages payable to him to plaintiff, which in turn assigned them to BB&T although the proceeds of the second mortgages continued to be paid into defendant's savings and loan account; that defendant did make payments on the note and several renewal notes were issued; that defendant missed several payments and plaintiff was forced to make them, after which it charged said amounts to defendant's account; that plaintiff and defendant continued to do business after 1967 and as of 10 September 1971 defendant owed plaintiff $18,213.80; that the last payment made by defendant on the account was $525.00 on 14 May 1971; that plaintiff's ledger does not indicate that the final payment was made for any particular job or contract; and that in a conversation with defendant in October 1972, he acknowledged the debt and promised to pay off the account.

Defendant testified that all work performed for him by plaintiff was pursuant to separate contracts; that plaintiff often overcharged him by billing him for special items installed at the owners' request and billable to the owners; that in 1967 when he endorsed the $14,000.00 note to BB&T he understood the transaction to be a sale of his second mortgages, and he expected to receive the proceeds of the loan and intended to purchase a farm with them; that instead plaintiff received the proceeds but never applied them to his account to his knowledge; that he has been paying on the $14,000.00 note and has paid it down to approximately $6,500.00; that he did not receive monthly bills from plaintiff, and plaintiff has never demanded that he pay the $18,213.80.

The court found that plaintiff had furnished $18,213.80 worth of goods and services to defendant through 10 September

1971 and that defendant had accepted but refused to pay for services valued at $17,450.83; that defendant ratified and acknowledged his indebtedness on 14 May 1971 by paying plaintiff the sum of $525.00 on the outstanding account; and that none of the account was barred by the statute of limitations. From the judgment awarding plaintiff $17,450.83, plus interest from 10 September 1971, defendant appeals.

*Farris, Thomas & Farris by Robert A. Farris, Jr., for plaintiff appellee.*

*Vernon F. Daughtridge for defendant appellant.*

CLARK, Judge.

The issue raised by this appeal is whether the facts are sufficient to support the conclusion of the trial court that none of the account was barred by the statute of limitations.

The sole basis that would support this conclusion from the facts found, and the one urged by plaintiff on appeal, is that the transactions between the parties constituted a "mutual, open, and current account" and that the present cause of action accrued, under G.S. 1-31, "from the time the latest item proved in the account on either side." The court found as a fact that defendant made his last payment to plaintiff on 14 May 1971 in the sum of $525.00. There is no evidence in the record of any writing made by the defendant at the time of this payment which could be construed as an acknowledgment within the requirements of G.S. 1-26. Nor is there evidence of circumstances surrounding this payment which would warrant a clear inference that defendant's payment was a part payment made in recognition of the entire indebtedness and of his obligation to pay it. *Bryant v. Kellum,* 209 N.C. 112, 182 S.E. 708 (1935).

If G.S. 1-31 were applicable plaintiff's action accrued on 14 May 1971, and since it was commenced on 23 October 1973, none of the account would be barred by the statute of limitations as the trial judge ruled. However, the judge did not conclude, nor on the facts found could he have concluded, that there was a mutual, open, and current account, and so the findings are insufficient to support the judgment of the trial court.

[1]   A mutual account is a course of dealing where each party furnishes credit to the other on the reliance that, upon settlement, the amounts will be allowed so that one will reduce the

balance due the other. *Hollingsworth v. Allen,* 176 N.C. 629, 97 S.E. 625 (1918) ; Annot., 45 A.L.R. 3d 446 (1972). An open account results where the parties intend that the individual items of the account shall not be considered independently, but as a connected series of transactions. 1 Am. Jur. 2d, Accounts and Accounting § 4 (1962). A current account is one with no time limitation fixed by agreement, express or implied. *McKinnie v. Wester,* 188 N.C. 514, 125 S.E. 1 (1924).

[2]  An ordinary store account or any other account (though open and continued) where the credit is all on one side and the payments on account are on the other is not a mutual, open and current account under G.S. 1-31. *Brock v. Franck,* 194 N.C. 346, 139 S.E. 696 (1927) ; *Hollingsworth v. Allen, supra; Robertson v. Pickrell,* 77 N.C. 302 (1877) ; *Green v. Caldcleugh,* 18 N.C. 320 (1835).

[3]  Because of the absence of reciprocal demands and other characteristics of mutuality, the account in the case before us does not qualify as "mutual, open and current" under G.S. 1-31. Nor does the lump sum payment of about $14,000.00 in October, 1967, by means of a bank loan evidenced by promissory note made by plaintiff and endorsed by defendant, add anything to the mutuality of the account thereafter, which is the subject of this action. There was some evidence that the account was open and that it continued for several years after the 1967 payment, but the credit was all by plaintiff and the payments on account by the defendant.

[4]  Though G.S. 1-31 is not applicable to the account which is the subject of this action, the statute of limitations does not bar all items thereof which were incurred before 23 October 1970, three years before the action was commenced, if the account qualifies as an "account current," which has been long recognized in this State. See *Newsome v. Person,* 3 N.C. 242 (1803) and *Kimboll v. Person,* 3 N.C. 394 (1806). In *Phillips v. Penland,* 196 N.C. 425, 147 S.E. 731 (1928), an "account current" is referred to as a "running account," and so designated because the parties "contemplated indefinite and continuous services with no fixed time for payment and with no agreement as to what services should be performed or the value thereof." 196 N.C. at 427, 147 S.E. at 732.

[5]  Where a payment is made on an account current (or running account), the effect of the payment is to stop the running

of the statute of limitations against all items not then barred and to fix a new starting point from which the statute would run. *Supply Co. v. Banks,* 205 N.C. 343, 171 S.E. 358 (1933); *Steel Corp. v. Lassiter,* 28 N.C. App. 406, 221 S.E. 2d 92 (1976); 5 Strong, N. C. Index, Limitation of Actions § 6 (2d Ed. 1968).

[6] Since the conclusion that none of the account is barred by the statute of limitations is not supported by the findings of fact we must vacate the judgment and remand for a new trial. The finding that defendant made a payment of $525.00 on 14 May 1971 would have supported a judgment 'for recovery by plaintiff· of so much of the account beginning three years prior to the payment, if the court had concluded that the transactions constituted an account current. Such finding would not support the judgment rendered because some of the items in the account for which recovery was allowed apparently arose prior to 14 May 1968. However, the evidence tends to show that there were other payments made within three years before the action was commenced and before the 14 May 1971 payment, which would start the statute of limitations running anew as to all items not barred at the time of those payments. On new trial such findings of fact and conclusions of law are for the trial court.

Reversed and remanded.

Judge HEDRICK concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

Defendant did not bring forward any exceptions to the facts as found by the court or to the failure of the court to find other facts. The court found, in part, as follows:

"First, that Plaintiff, Whitley's Electric Service, Inc. furnished goods and services to Defendant, Henry C. Sherrod or to his benefit through September 10, 1971, of a total value of Eighteen Thousand Two Hundred Thirteen Dollars and Eighty Cents ($18,213.80);

Second, that Defendant, Henry C. Sherrod received and accepted goods and services from Plaintiff, Whitley's Electric Service, Inc. through September 10, 1971 of the total value of Seventeen Thousand Four Hundred Fifty

Dollars and Eighty-three cents ($17,450.83) and has failed and refused to pay Plaintiff said amount after demand by Plaintiff;

Third, that Defendant, Henry C. Sherrod paid Plaintiff, Whitley's Electric Service, Inc., the sum of Five Hundred Twenty Five Dollars ($525.00), ratified and acknowledged his indebtedness to Plaintiff, Whitley's Electric Service, Inc. on May 14, 1971; and that

Fourth, Plaintiff, Whitley's Electric Service, Inc. commenced this action on October 23, 1973 against Defendant, Henry C. Sherrod . . . ."

In my opinion, those facts support the court's conclusion that plaintiff's right to bring this action is not barred by a statute of limitation. The court found as a fact that defendant made a payment on the account on 14 May 1971 and "ratified and acknowledged" his indebtedness to plaintiff. The question of whether there was evidence to support the finding is not presented on this record.

A statute of limitation bars the remedy and not the debt. Part payment on the account whereby, as here, the debtor has "ratified and acknowledged his indebtedness" fixes a new date from which a statute of limitation will run in order to bar the remedy of an action to collect the sums due on the account. It is equivalent to a new promise to pay. That rule is not limited to "mutual, open and current accounts." I vote to affirm the judgment.